```
 1              UNITED STATES DISTRICT COURT

 2              MIDDLE DISTRICT OF FLORIDA

 3                  ORLANDO DIVISION

 4          Docket No. 6:14-cr-33-Orl-28KRS

 5

 6  . . . . . . . . . . . . . ..
    UNITED STATES OF AMERICA      :
 7                                :
                Plaintiff         :        Orlando, Florida
 8              v.                :        August 27, 2013
                                  :        9:33 a.m.
 9  JONATHAN TYLER PRIVE          :
                                  :
10              Defendant         :
    . . . . . . . . . . . . . ..
11

12

13          TRANSCRIPT OF CHANGE OF PLEA

14      BEFORE THE HONORABLE KARLA R. SPAULDING

15          UNITED STATES MAGISTRATE JUDGE

16

17  APPEARANCES:

18

19  For the Plaintiff:         Andrew Searle

20

21  For the Defendant:         Jose Rodriguez

22

23

24  Proceedings recorded by tape-recording, transcript produced

25  by computer-aided transcription.
```

1            P R O C E E D I N G S

2            THE DEPUTY CLERK:   Case number

3   6:14-CR-33-Orl-28KRS, United States of America v. Jonathan

4   Tyler Prive.

5        Counsel, please state your appearances for the record.

6            MR. SEARLE:   Good morning, Your Honor.   For the

7   United States, Andrew Searle.

8            THE COURT:   Good morning.

9            MR. RODRIGUEZ:   Good morning.   Jose Rodriguez on

10  behalf of Jonathan Prive seated to by left.

11           THE COURT:   Good morning.

12       I understand Mr. Prive wishes to plead guilty to count

13  two of the indictment pursuant to a plea agreement?

14           MR. RODRIGUEZ:   That's correct, Your Honor.

15           THE COURT:   All right.   Sir, I'm not the judge who

16  will sentence you if you plead guilty.   I'm a magistrate

17  judge.   I can conduct a guilty plea proceeding with your

18  permission.   I have a document signed by you indicating that

19  you agree to let me do that.   Is that right?

20           THE DEFENDANT:   That's right, Your Honor.

21           THE COURT:   What I'm going to do is have you

22  placed under oath and ask you some questions.   The first

23  group of questions will be designed to make sure you

24  understand what the proceeding is about.   Then I'll talk to

25  you about what the government would have to prove before you

1    could be found guilty of the charge to which you wish to

2    plead guilty.  We will go over the penalties you face and

3    the rights you lose if you plead guilty.  I'll also talk

4    about the promises in the plea agreement.  At the end I'm

5    going to ask you about what you did to make sure your

6    conduct violates the crimes for which you wish to plead

7    guilty.

8         Because you will be under oath, if anything you tell me

9    is not completely truthful, you could be separately

10   prosecuted for perjury or making a false statement.  And

11   anything you tell me here today could be used against you in

12   that prosecution.  So if you do not understand something I

13   ask, please let me know.  I'll try to ask it more clearly.

14        Your lawyer will be here throughout the proceeding.

15   You can speak to him privately at any time.

16        We make a record of what occurs through a digital

17   recording which is the reason for the microphones, so if

18   you'll continue to answer my questions out loud rather than

19   nodding or shaking your head, we'll capture your answers.

20        Do you have any questions before I go further?

21             THE DEFENDANT:  Not at this time, Your Honor.

22             THE COURT:  All right.  You do not need to stand

23   but, raise your right hand; Mr. Jackson will place you under

24   oath.

25                    (Defendant sworn)

1              THE DEFENDANT:  I do.

2              THE DEPUTY CLERK:  Please state your name for the

3    record.

4              THE DEFENDANT:  Jonathan Tyler Prive.

5              THE COURT:  Mr. Prive, have you ever been known by

6    any other name?

7              THE DEFENDANT:  No, ma'am.

8              THE COURT:  How old are you, sir?

9              THE DEFENDANT:  26, Your Honor.

10             THE COURT:  How far did you go in school?

11             THE DEFENDANT:  Some college, no finishing.

12             THE COURT:  You read, speak and understand

13   English?

14             THE DEFENDANT:  Yes, ma'am.

15             THE COURT:  Are you a citizen of the United

16   States?

17             THE DEFENDANT:  Yes, I am.

18             THE COURT:  The next questions are the ones to

19   make sure you're thinking clearly today.  First, have you

20   ever been under the care of a psychiatrist or a

21   psychologist?

22             THE DEFENDANT:  No, ma'am.

23             THE COURT:  Are you concurrently taking medicine

24   of any kind?

25             THE DEFENDANT:  No, I'm not.

1          THE COURT:  In the last two days have you had any

2     drugs, alcohol or medicine including anything over the

3     counter like aspirin?

4          THE DEFENDANT:  No.

5          THE COURT:  Is there anything interfering with

6     your ability to think clearly today?

7          THE DEFENDANT:  No, ma'am.

8          THE COURT:  All right.  I want to talk to you next

9     about the charge you propose to plead guilty to.  First,

10    have you had a chance to review the whole indictment with

11    your attorney?

12         THE DEFENDANT:  I have, Your Honor.

13         THE COURT:  Count two alleges that beginning on or

14    about November 4 of 2013 and continuing through and

15    including on or about November 5 of 2013, in Brevard County,

16    Florida, in the Middle District of Florida and elsewhere,

17    that you using a facility and means of interstate commerce,

18    that is the Internet and the cell phone, did knowingly

19    attempt to persuade, entice, and coerce an individual who

20    had not attained the age of 18 years to engage in sexual

21    activity for which any person could be charged with a

22    criminal offense under laws of the State of Florida, that is

23    lewd or lascivious molestation and conduct, violations of

24    section 800.04, Florida statutes, and sexual battery, a

25    violation of section 794.011, Florida statutes.  That's

1   violation of Title 18 United States Code section 2422(b).

2        Before you could be found guilty of that offense, the

3   United States would have to prove beyond a reasonable doubt

4   that you knowingly attempted to persuade, induce, entice or

5   coerce an individual to engage in sexual activity.

6        Knowingly means you did it voluntarily, no one forced

7   you to do it.  They would have to prove that you used the

8   Internet or cell phone to do that.  That when you did these

9   acts the victim was less than 18 years old, and that one or

10  more of the individuals engaging in the sexual activity

11  could have been charged with a criminal offense under the

12  law of Florida.

13       You should know that the law in this circuit, the law

14  that governs this Court, says that the attempt to persuade,

15  induce, entice or coerce can be through what we call a

16  third-party intermediary, an adult who has some control over

17  the victim, doesn't have to be directly with the victim of

18  the offense.  Do you agree with that, Mr. Rodriguez.

19            MR. RODRIGUEZ:  Yes, that's the case law in this

20  circuit.

21            THE COURT:  Do you understand what would have to

22  be proved before you could be found guilty of that charge?

23            THE DEFENDANT:  Yes, I do.

24            THE COURT:  You have the right to have the full

25  indictment read.  I'm happy to read the rest of it to you or

you could waive or give up the reading if you've already

been through it.  Would you like me to read the rest of the

indictment for you?

THE DEFENDANT:  At this time I waive that reading,

Your Honor.

THE COURT:  All right.  Thank you.

I just want to get these Florida statutes up so I can

reference them if I need to.

Have you had enough time to talk with your attorney

about the charges and the forfeiture allegation in the

indictment?

THE DEFENDANT:  Yes, Your Honor, I have.

THE COURT:  Are you satisfied with his services

representing you in this case?

THE DEFENDANT:  Yes, Your Honor.

THE COURT:  Mr. Rodriguez, any question as to your

client's competency?

MR. RODRIGUEZ:  No, Your Honor.

THE COURT:  Any from the United States?

MR. SEARLE:  No, Your Honor.

THE COURT:  Mr. Prive, I find you are competent

which simply means able under the law to plead guilty if you

want to plead guilty, but you don't have to plead guilty.

I have a number of things I need to talk with you about

yet so if at any point you decide you do not want to plead

1    guilty, let me know, I'll stop this proceeding and the case

2    will go on as previously scheduled.

3         The next thing I want to talk to you about is the

4    reason you're proposing to plead guilty.

5         First, has anyone done anything you think is wrong or

6    unfair, threatened you in any way to get you to plead guilty

7    to this charge?

8              THE DEFENDANT:  No, Your Honor.

9              THE COURT:  Do you want to plead guilty because

10   you committed the crime or for some other reason?

11             THE DEFENDANT:  Because I committed the crime,

12   Your Honor.

13             THE COURT:  I have a document entitled, "Plea

14   Agreement."  I know you've seen it, but I'm going to ask

15   Mr. Jackson to hand it to you.  I just want to make sure

16   that is your plea agreement, that you have initialed every

17   page and any changes and signed it at the end.

18        Is that your plea agreement, Mr. Prive?

19             THE DEFENDANT:  Yes, Your Honor, it is.

20             THE COURT:  Is that the plea agreement of the

21   United States?

22             MR. SEARLE:  Yes, Your Honor.

23             THE COURT:  None of the judges of the court helped

24   to write the plea agreement, so it will be up to Judge

25   Antoon, who's the judge who will sentence you, to decide

1    whether or not to accept the terms of the plea agreement.

2         Did you read the plea agreement all the way through

3    before you signed it?

4              THE DEFENDANT:  I did.

5              THE COURT:  Did you talk to your lawyer about it

6    before you signed it?

7              THE DEFENDANT:  I did.

8              THE COURT:  Do you believe you understand the plea

9    agreement?

10             THE DEFENDANT:  Yes, I do.

11             THE COURT:  I'm not going to read the whole

12   document then, but I am going to go over the promises you

13   make to the United States and the promises the United States

14   makes to you.

15        When I'm done I'm going to ask you to think if there

16   are any other promises that didn't get written in the plea

17   agreement.

18        You agree to plead guilty to count two of the

19   indictment which is the attempted enticement of a minor to

20   engage in sexual activity that we talked about just a moment

21   ago.  If you are convicted of that offense you face a

22   mandatory minimum term of 10 years in jail up to the rest of

23   your life in jail, a fine of up to $250,000, a term of

24   supervised release of at least five years up to the rest of

25   your life and you would be required to pay a special

1   assessment of $100 at the time of sentencing.

2        In addition, the Court can order you to pay restitution

3   to the victim of the offense and you do under the plea

4   agreement agree to make full restitution to the minor

5   victim.  That amount would be determined at the time of

6   sentencing.

7        You also agree that if the victim's losses are not

8   ascertainable before the sentencing that you wouldn't oppose

9   bifurcation or a two-part sentencing hearing where

10  punishment might be decided at a time different from the

11  amount of restitution would be determined.

12       At the time of sentencing the United States agrees to

13  dismiss the remaining counts which is count one against you.

14  And if the Court accepts the plea agreement the United

15  States Attorney's Office for the Middle District of Florida

16  agrees not to charge you with committing any other federal

17  crime known to that office at the time you signed the plea

18  agreement that relates to the conduct underlying the

19  indictment and the plea agreement.

20       Judge Antoon is going to look at something called the

21  sentencing guidelines to help to decide what sentence you

22  should receive in this case.  He's required to look at the

23  guidelines.  He's not required to impose a sentence within

24  the guideline range.  However, on page 3 of the plea

25  agreement the United States indicates that it will recommend

1  that you be sentenced within the applicable guideline range

2  as determined by the Court.

3       Then there are some recommendations about how the

4  guideline should be computed starting at the bottom of

5  page 3.  It says, in the event there's no information

6  received suggesting this recommendation should not be made,

7  the United States will not oppose your request that you

8  receive a two level subtraction or downward adjustment in

9  the guidelines for acceptance of responsibility.  And then

10  over on page 4 if your offense level under the guidelines

11  before that two level -- first two level reduction is 16 or

12  higher, and you otherwise qualify including complying with

13  all the provisions of the plea agreement, then the United

14  States agrees to file a motion to get you a third level

15  subtraction or downward adjustment for acceptance of

16  responsibility.

17       Whether you qualify for that third level adjustment is

18  a decision made by the United States Attorney's Office not

19  by the Court.  So you agree if the U.S. attorney does not

20  file the motion for a third level reduction, you can't

21  challenge that decision in this court or any other court.

22  Also, those are just recommendations.  So if the judge does

23  not accept them you could not withdraw your guilty plea for

24  that reason.

25       Bottom of page 4 and continuing, you agree to forfeit

1    or give up to the United States money or property gained

2    during the offense or used during the offense.  This

3    specifically includes an Acer Aspire laptop computer which

4    was used to facilitate the criminal activity charged in the

5    indictment.

6           No cell phone forfeiture here, Mr. Searle?

7               MR. SEARLE:  No, Your Honor.

8               THE COURT:  Okay.  An argument could be made that

9    by taking property from you and then by sentencing you in

10   the case that that violates some laws and Constitutional

11   protections.  Under the plea agreement you are agreeing that

12   you're not going to argue that the forfeiture violates any

13   of your laws or Constitutional rights.

14          Have you had a chance to talk to Mr. Rodriguez about

15   what you're giving up there?

16              THE DEFENDANT:  I have, Your Honor.

17              THE COURT:  Are those rights you're willing to

18   give up?

19              THE DEFENDANT:  Yes, Your Honor.

20              THE COURT:  Bottom of page 7 and continuing, you

21   agree that the computer equipment that was seized from you

22   and is now in the custody of law enforcement was properly

23   seized and is subject to forfeiture and basically what that

24   means is you won't come back at a later point and argue that

25   the Acer Aspire laptop computer should not be seized and

1    cannot be kept or destroyed by law enforcement.

2         Page 8 notifies you that if you are convicted of this

3    offense, then you will be required to comply with the Sex

4    Offender Registration and Notification Act which is a

5    federal law that we sometimes refer to as SORNA.  It

6    requires that you register and keep your registration

7    current in the place where you live, the place where you

8    work, and if you're a student, the place where you are in

9    school.

10        Failure to keep -- to register and keep your

11   registration current could subject you to another felony

12   offense.

13        Turning over to the bottom of page 11 there's a section

14   of the plea agreement that talks about financial disclosure

15   that I want to review with you.

16        I told you in order to or at least as a prerequisite

17   for the United States Attorney's Office to file a motion to

18   get you to the third level subtraction for acceptance of

19   responsibility, you had to comply with all the requirements

20   of the plea agreement, but this is one of the specific

21   sections that they point out in that paragraph.  Under the

22   section you agree to complete and submit to the United

23   States Attorney's Office within 30 days of signing the plea

24   agreement a truthful affidavit reflecting your financial

25   condition.

1     You agree to sign any documents you're asked to sign so

2  that the U.S. Attorney's' office can get information from

3  third parties to determine what money or property you may

4  hold or they may hold on your behalf.

5     You agree to let the U.S. Attorney's' office obtain

6  your tax returns for the last five years, obtain a current

7  credit report for you, and you also agree that the United

8  States Attorney's Office and the U.S. Probation Office can

9  share that financial information for purposes of doing their

10  respective jobs.

11     Bottom of page 13, top of page 14, talks about your

12  right to appeal from a mistake in your sentence.  And I want

13  to review that with you.  First, let me tell you that if you

14  plead guilty you are admitting for all time that you

15  committed the crime.  You give up any defenses or excuses

16  you may have and you give up any motions your lawyer has

17  filed or you have talked with him about filing and you give

18  up your right to come back to that court or go to another

19  court later on and argue that you should not have been found

20  guilty.

21     The right to come back to this court or go to another

22  court is called the right to appeal.  So if you plead guilty

23  you have no right to appeal from the finding that you are

24  guilty.

25     If you think the judge makes a mistake in the sentence

1    you receive, though, you usually do have the right to appeal

2    from that to go to the next higher court and ask that court

3    to correct a mistake.  Under the plea agreement you're

4    giving up some of your rights to take a direct appeal from

5    your sentence.  You can only appeal if the sentence is above

6    the guideline range as determined by the court.  If the

7    sentence is more than the maximum permitted by the law or if

8    the sentence violates the Eighth Amendment to the

9    Constitution, which is your protection against cruel and

10   unusual punishment, in addition, however, if the United

11   States appeals from your sentence, then you could appeal for

12   any reason.

13        Do you understand how that limits your right to appeal

14   from a mistake in your sentence?

15            THE DEFENDANT:  Yes, I do.

16            THE COURT:  And is that right you're willing to

17   give up?

18            THE DEFENDANT:  Yes, that is.

19            THE COURT:  The plea agreement tells you on

20   page 14 that it only binds the office of the United States

21   Attorney for the Middle District of Florida, not other

22   prosecutors, but the U.S. attorney agrees to bring your

23   cooperation, if any, to the attention of others if they're

24   asked to do that.

25        Those are all the promises written in the plea

1    agreement.  Do you believe that anyone has made you any

2    other promises about what sentence you will receive or

3    anything else that will occur in exchange for your plea of

4    guilty?

5           THE DEFENDANT:  They have not said anything else,

6    Your Honor.

7           THE COURT:  Mr. Rodriguez, anything in the nature

8    of plea negotiations that didn't get incorporated in this

9    document that you need to put on the record?

10          MR. RODRIGUEZ:  No, not in terms of anything

11    negotiated, but still potentially cooperation going on but

12    other -- nothing that needs to be...

13          THE COURT:  Is that correct, Mr. Searle?

14          MR. SEARLE:  Yes, Your Honor.

15          THE COURT:  Okay.  Mr. Prive, we've talked a

16    little about the sentencing guidelines.  Have you and your

17    attorney talked about how the guidelines might apply in this

18    case?

19          THE DEFENDANT:  At length, Your Honor.

20          THE COURT:  I can't tell you for sure what the

21    guideline range will be because I don't have all the

22    information I need to do that.  If you plead guilty the

23    Court's probation office will conduct an investigation

24    (inaudible) what occurred here, your role in the offense,

25    whether you had any prior criminal history, whether you

accepted responsibility, things like that and they'll

prepare a written report.

     You and your attorney will receive a copy of the report

before sentencing, so will the attorney for the United

States.  If there's anything in the report you think is not

correct, Mr. Rodriguez will make an objection.  If the

objection is not worked out before the sentencing, then

Judge Antoon will hold a hearing.  He will rule on the

objections.  Only at the point the report is done and the

objections are ruled on will there be enough information to

know for sure what the sentencing guideline range is.

     Mr. Rodriguez is a very experienced criminal defense

attorney.  He's given you his best estimate of the guideline

range, but he can't know for sure until the report's done

and the objections are ruled on.  So it's important for you

to understand that in the sentencing guideline range or the

sentence is something different than you expect it to be,

you would not be allowed to withdraw your guilty plea for

that reason.

     I also want to caution you that if you find out what

the sentencing guideline range is for anyone else involved

in this offense or for others charged with similar crimes,

you can't assume you can calculate your own guideline based

upon what somebody else receives.  They're very individual

determinations.  Just by way of example, if two people did

the very same thing but one of them had a more extensive

criminal history than the other, the person with the more

extensive criminal history is almost always going to have a

higher sentencing guideline.  So that's a long way around of

saying you can't know for sure today what the sentencing

guideline range is and you wouldn't be allowed to withdraw

your guilty plea if it turns out to be different than what

you expect.  Do you understand that?

        THE DEFENDANT:  I understand, Your Honor.

        THE COURT:  We don't have parole in the federal

prison system any more.  That used to be kind of an early

release program.  Now if you're sentenced to a term in jail

you will serve almost all if not all of any term of

imprisonment imposed.

    I mentioned supervised release as part of a possible

sentence.  That's time you serve under the supervision of

the court's probation office after getting out of jail.

There will be things you had to do and things you could not

do as part of your supervised release.  If you violated a

condition of supervised release your supervised release

could be taken away.  You could be sent back to jail to

serve the term of supervised release, some or all of it, in

addition to the time you served on the original sentence.

    In addition, the Court could require you to contribute

financially to the cost of your supervision if you had the

1  money to do that.

2      You should know that in sexual offender cases at the

3  end of any criminal term of imprisonment there is sometimes

4  an evaluation to determine whether the defendant would be a

5  danger to the community if released.  If it was determined

6  that you would be a danger to the community if released,

7  then there may be subsequent civil commitment proceedings

8  that follow.

9      We already talked about SORNA registration.

10      You'll also be required to cooperate in the collection

11  of a DNA sample if that becomes required under the law.

12      Mr. Searle, any penalty applicable to Mr. Prive that

13  I've overlooked?

14          MR. SEARLE:  No, Your Honor.

15          THE COURT:  All right.  Can you think of any,

16  Mr. Rodriguez?

17          MR. RODRIGUEZ:  No, Your Honor.

18          THE COURT:  Mr. Prive, do you understand all the

19  possible penalties that apply if you plead guilty to this

20  charge?

21          THE DEFENDANT:  I understand, Your Honor.

22          THE COURT:  I need to tell you next about the

23  rights you give up by pleading guilty.  You do have the

24  right to a trial before a jury composed of 12 people.

25  During the trial you would be presumed to be innocent.  The

1    United States would have to prove that you were guilty

2    beyond a reasonable doubt.  You wouldn't have to prove

3    anything.

4         During the trial the witnesses would have to come into

5    court and testify in front of you.  Your lawyer could ask

6    them questions and he could ask the judge to keep out all or

7    parts of anything the witnesses said and all or parts of any

8    other evidence offered against you.

9         You would also have the right to require witnesses and

10   evidence to be brought into Court and be presented to the

11   jury on your behalf.

12        During the trial you could testify, talk to the jury

13   under oath if you wanted to, but you would have the right

14   not to testify.  Neither the judge nor the jury could decide

15   you did anything wrong based on your decision not to

16   testify.  That's your right against self-incrimination.  It

17   gives the absolute right to remain silent.

18        If you plead guilty and the district judge accepts your

19   plea, do you understand there will be no trial, you will

20   give up all these rights I've talked about including your

21   right to remain silent and the judge will find you guilty

22   based upon your guilty plea.

23              THE DEFENDANT:  I understand, Your Honor.

24              THE COURT:  This is a felony offense, so if you

25   are convicted you will lose your civil rights.  Those

```
 1    include but not are not limited to the right to vote, to
 2    keep and bear firearms, to hold public office and to serve
 3    on a jury.
 4         There is a right you do not give up by pleading guilty
 5    and that's the right to have a lawyer represent you in this
 6    case.
 7         If you decide to go to trial, Mr. Rodriguez is going to
 8    represent you all the way through the trial and at every
 9    other part of the case.
10         If you decide to plead guilty, he's going to represent
11    you all the way through the sentencing.
12         If you think the judge makes a mistake in the sentence
13    you receive and you want to appeal it, the Court would
14    appoint an attorney to represent you at no cost to you for
15    the direct appeal if you couldn't afford to hire one,
16    remembering though there are some limits on the right to
17    appeal in the plea agreement.
18         I've talked about many things.  Have you had any -- do
19    you have any questions about anything I have talked about?
20              THE DEFENDANT:  Not at this time, Your Honor.
21              THE COURT:  Any questions about anything in the
22    plea agreement that I didn't go over that you would like me
23    to review?
24              THE DEFENDANT:  I don't have anything, Your Honor.
25              THE COURT:  All right.  Tell me what it is that
```

1    you did that makes you guilty of the charge in count two.

2              THE DEFENDANT:  On or about the dates of

3    November 4th and November 5th of 2013 I used the Internet to

4    communicate with an individual in an attempt to arrange a

5    sexual encounter with an individual who had not attained the

6    age of 18 years and doing so violated the law that I'm being

7    accused of.

8              THE COURT:  What is it that you were trying to --

9    what kind of sexual activity were you trying to arrange?  It

10   has to be such that it would constitute lewd or lascivious

11   conduct or sexual battery under the Florida statutes.

12             THE DEFENDANT:  My attempt was to arrange an

13   activity with a minor including touching of the genitalia

14   and the vagina.

15             THE COURT:  Some of the state statutes use

16   different ages for the victim.  How old was the victim?

17             THE DEFENDANT:  Under the age of 12, Your Honor.

18             THE COURT:  How old was the victim?

19             THE DEFENDANT:  Three years old, Your Honor.

20             THE COURT:  Factual basis from the -- well, first

21   anybody force you to do that?

22             THE DEFENDANT:  No, Your Honor.

23             THE COURT:  You did it voluntarily?

24             THE DEFENDANT:  Yes, Your Honor.

25             THE COURT:  Factual basis from the United States?

1           MR. SEARLE:  Your Honor, in this case the United

2    States would be able to prove beyond a reasonable doubt the

3    factual basis that's attached to the plea agreement, pages

4    17 through 27, specifically on or about the dates of

5    November 4, 2013, continuing through and including on or

6    about November 5th, 2013, in Brevard County, Florida, in the

7    Middle District of Florida and elsewhere that the defendant

8    used the Internet to communicate with an individual who he

9    believed to be the father of the minor victim in this case

10   and in those communications he arranged to meet the child

11   and engage in illegal sexual contact -- conduct with the

12   child.  He actually went to the location where the child was

13   living -- where the child resided and brought lubricant with

14   him which was recovered from him when he arrived at that

15   location and from their proceeded to make a lengthy

16   confession to the events.

17           THE COURT:  And some of the contact with the

18   person the defendant believed to be the father of the minor

19   victim was done via computer over the Internet?

20           MR. SEARLE:  That is correct, Your Honor.

21           THE COURT:  All right.  Mr. Prive, starting on

22   page 17 and continuing through page 27 of the plea

23   agreement, there is a statement of the facts the United

24   States says it could prove were the case to go to trial.  I

25   need to know whether these facts are true.

1          THE DEFENDANT:  Yes, Your Honor, the facts

2     presented on those pages are true.

3          THE COURT:  All right.  Well, I find based on what

4     you tell me and the facts the United States says it could

5     prove, that the facts are sufficient to allow you to plead

6     guilty if you still want to do that.

7       I told you when we started you did not have to plead

8     guilty.  Now we are getting close to the time where I'm

9     going to ask you what you'd like to do.

10      First, though, is there anything you want to tell me or

11    ask me about your decision to plead guilty that we have not

12    talked about?

13         THE DEFENDANT:  No, Your Honor.

14         THE COURT:  Is there anything you told me under

15    oath that you would like to change because you think it

16    might not have been completely truthful?

17         THE DEFENDANT:  No, Your Honor.

18         THE COURT:  Have you had any problem hearing or

19    understanding me?

20         THE DEFENDANT:  None, Your Honor.

21         THE COURT:  Has my coughing fit interfered with

22    your ability to hear or understand during that part where I

23    was coughing?

24         THE DEFENDANT:  No, Your Honor.

25         THE COURT:  All right.  Do you want to talk to

```
 1    your attorney further before I ask you how you would like to

 2    plead?

 3              THE DEFENDANT:  No, Your Honor.

 4              THE COURT:  Does the representative victim wish to

 5    be heard today?

 6              MR. SEARLE:  Not today, Your Honor.

 7              THE COURT:  All right.  All right.

 8         Mr. Prive, how do you plead to the charge in count two

 9    of the indictment?

10              THE DEFENDANT:  The charge of count two I plead

11    guilty.

12              THE COURT:  Are you freely and voluntarily

13    entering this plea of guilty?

14              THE DEFENDANT:  I am, Your Honor.

15              THE COURT:  I determine that the this plea of

16    guilty is knowingly, intelligently and voluntarily made and

17    it's not the result of force or threats or promises except

18    for the promises contained in the plea agreement.

19         I will recommend that Judge Antoon accept both your

20    guilty plea and the plea agreement.

21         Sentencing will be at least 75 days from today usually

22    because that's how long it takes to do the presentence

23    investigation.  I don't have the date for you but

24    Mr. Rodriguez will let you know when it's set and he'll

25    explain the presentence process to you.
```

1      What else can we take care of today for the United

2  States?

3           MR. SEARLE:  Nothing further, Your Honor.  Thank

4  you.

5           THE COURT:  For defense?

6           MR. RODRIGUEZ:  Nothing further.

7           THE COURT:  Thank you very much.

8      We're in recess.

9                C E R T I F I C A T E

10          I certify that the foregoing is a correct

11  transcript from the record of proceedings in the

12  above-entitled matter.

13

14  s\Sandra K. Tremel, RMR,CRR          September 22, 2014

15  Federal Official Court Reporter

16

17

18

19

20

21

22

23

24

25