IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                     CASE NO.: 6:14-cr-33-Orl-28KRS

JONATHAN PRIVE.,

        Defendant.
_____/

## DEFENDANT'S VERIFIED MOTION TO WITHDRAW GUILTY PLEA

    COME NOW Defendant, JONATHAN PRIVE, by and through his undersigned attorney, and hereby moves to withdraw his guilty plea and states as follows:

### A. INTRODUCTION

    1.    On August 27, 2014, Defendant, JONATHAN PRIVE ("Mr. PRIVE") appeared before the Honorable Karla R. Spalding, United States Magistrate Judge, and entered a guilty plea to Count Two of the indictment in the above-styled case.

    2.    Mr. PRIVE and the United States of America had previously entered into a written Plea Agreement that was duly executed by both parties (and by Mr. PRIVE's prior counsel) and filed with the Court.

    3.    On August 29, 2014, Mr. PRIVE's guilty plea was accepted by the Honorable John Antoon, II and Mr. PRIVE was adjudicated guilty of Count Two of the indictment in the above-styled case.

1

4. The undersigned attorney was recently appointed to represent Mr. PRIVE following the withdrawal of his previous court appointed counsel. Sentencing in this matter is scheduled in January of 2015.

5. Mr. PRIVE has advised the undersigned attorney that he desires to withdraw the guilty plea that he entered based upon his belief that his previous counsel made material misrepresentations to him in connection with the guilty plea in order to persuade him to enter said guilty plea.

6. Specifically, Mr. PRIVE asserts that his previous attorney advised him that he would be able to appeal his conviction on Count Two of the indictment even after he entered the guilty plea. Furthermore, Mr. PRIVE was advised by his previous attorney that he could ignore the plea colloquy that took place before the Magistrate Judge and that any discrepancies between the written Plea Agreement and the matters covered by Judge Spalding at the plea hearing would be resolved in favor of the Plea Agreement as it took precedence over the Magistrate Judge's comments. According to Mr. PRIVE, his previous attorney also told him that his guilty plea would not be accepted by the District Judge and that he would not be adjudicated guilty of Count Two of the indictment until sentencing. Finally, Mr. PRIVE contends that his previous attorney failed to advise him that the Government's failure to disclose exculpatory evidence constituted a violation to his due process rights under *Brady v. Maryland* and its progeny and was a viable defense to the charges against him.

7. For each of the reasons set forth herein, Mr. PRIVE respectfully requests that he immediately be permitted to withdraw his guilty plea in this action and to proceed to trial on the charges contained in the indictment.

### B. LEGAL STANDARD

Defendants seeking to withdraw a guilty plea after the court has accepted the plea but before sentencing must "show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). Whether a defendant's motion to withdraw shows a fair and just reason is to be liberally construed; however, the decision to allow withdrawal is left to the sound discretion of the district court…" *United States v. Buckles*, 843 F.2d 469, 471 (11th Cir. 1988)

In determining whether a defendant has met his burden to show a "fair and just reason" to withdraw a guilty plea, a district court may consider the totality of the circumstances surrounding the plea, including whether (1) close assistance of counsel was available, (2) the plea was knowing and voluntary, (3) judicial resources would be conserved, and (4) the government would be prejudiced if the defendant were allowed to withdraw his plea. *Id.* at 471-72.

If the defendant does not satisfy the first two factors of the *Buckles* analysis, the court need not "give particular attention" to the remaining factors. *United States v. Gonzalez-Mercado*, 808 F.2d 796, 801 (11th Cir. 1987).

### C. CONCLUSION

Mr. PRIVE asserts that he can show and has shown that a fair and just reason exists for him to withdraw his guilty plea. His prior counsel made misrepresentations to him as to material matters bearing on his decision to enter the guilty plea as set forth above. Accordingly, Mr. PRIVE feels as if he was deceived and that his guilty plea was not knowing and voluntary. Moreover, Mr. PRIVE respectfully submits that allowing him to withdraw his guilty would ultimately conserve judicial resources that would otherwise be expended with regard to appeals and collateral attacks on the voluntariness of the guilty plea in both the appellate and district courts. Finally, Mr. PRIVE suggests that the Government would not be unduly prejudiced if he

were allowed to withdraw his guilty plea as doing so would preserve judicial integrity and prevent prior counsel's erroneous instructions from resulting in manifest injustice.

Thus, Mr. PRIVE requests that the Court set aside the guilty plea and conviction on Count Two of the indictment and place the parties in the position they were in prior to Mr. PRIVE's guilty plea. Alternatively, Mr. PRIVE requests that the Court schedule a hearing on the instant Verified Motion and take whatever steps it deems appropriate after hearing from the parties and counsel as to the issues raised herein.

WHEREFORE Defendant, JONATHAN PRIVE, respectfully requests that the Court enter its Order setting aside his conviction and guilty plea or, in the alternative scheduling a hearing on the instant Verified Motion and providing such other and further relief as it deems just and proper.

## VERIFICATION

I, JONATHAN PRIVE, Defendant in the above-styled action, hereby verifies that the factual information contained herein is true and correct based on my knowledge and belief.

_____
JONATHAN PRIVE

Respectfully Submitted,

/s/ Daniel N. Brodersen
DANIEL N. BRODERSEN, ESQ.
Florida Bar No.: 664197
BRODERSEN LAW FIRM
533 North Magnolia Avenue
Orlando, Florida, 32801
Telephone:   (407) 649-0007
Facsimile:   (407) 649-0017
Email: brodersend@gmail.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing Defendant's Motion to Withdraw Guilty Plea was filed with the Clerk of the Court utilizing the CM/ECF system this 9th day of December, 2014 and that an electronic copy of this document was thereby transmitted to all counsel of record in the above-styled action.

/s/ Daniel N. Brodersen
Attorney