UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v.  CASE NO. 6:14-cr-33-Orl-28KRS

JONATHAN TYLER PRIVE

### GOVERNMENT'S SENTENCING MEMORANDUM

The United States of America, by and through the undersigned Assistant United States Attorney, files its sentencing memorandum and respectfully requests that this Court sentence the defendant to 262 months in federal prison followed by a life term of supervised release as set forth in the Presentence Report (PSR) prepared by the United States Probation Office. A guidelines sentence in this case will achieve the purposes of sentencing set forth in 18 U.S.C. § 3553(a) because it will reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, and, most importantly, protect children from further crimes of the defendant.

### BACKGROUND

Twenty-six year-old Jonathan Tyler Prive (Prive) engaged in the horrific sexual abuse of a three year-old child and attempted to sexually abuse the child a second time before being arrested by law enforcement. PSR at ¶ 23. In September of 2013, Prive had email correspondence with Michael Glenn Glascock (Glascock) regarding the sexual abuse of Glascock's three year-old

daughter (hereinafter referred to as the "minor victim").[1]  In these emails, Prive described sexual fantasies he had of sexually abusing a minor child, and asked Glascock for a photograph of the minor victim.  Id. at ¶ 9-10.

On September 10, 2013, Prive and Glascock exchanged emails and Prive agreed to come to Glascock's residence in Brevard County, Florida.  Id. at ¶ 11, 12.  While at Glascock's residence, Prive and Glascock sexually abused the minor victim.  Id. at ¶ 23.  Specifically, Prive rubbed his penis against the minor victim's vagina, placed his penis in the child's mouth, touched the child's vagina with his hand, and ejaculated on the child's stomach.  Id.  Glascock also watched and participated in this sexual abuse.  Id.

After the above-described incident, Prive and Glascock communicated in emails about how much they enjoyed sexually abusing the minor victim.  Id. at ¶ 13.  Specifically, Prive stated that he wished they had more time to sexually abuse the child and told Glascock that he wanted to sexually abuse the child again in the future and try "some other things."  Id.  Glascock told Prive that he would help Prive engage in the future sexual abuse of the child.  Id.

From September 11, 2013 through October 11, 2013, Prive and Glascock continued to communicate by email and discussed plans to meet at Glascock's residence when Glascock's wife was away.  Id. at ¶ 14.  In these emails, Prive and Glascock also discussed, in graphic detail, their plans to engage in sexual

---

[1] Glascock has pled guilty to production of child pornography and attempted enticement of a minor in Case No. 6:14-cr-34-Orl-28DAB for his own conduct involving his three year-old daughter and a fictitious 13 year-old female child.

activity with the minor victim in the future, including plans to penetrate the minor victim's vagina and anus.  Id.

On October 11, 2013, federal and state law enforcement agents arrested Glascock after discovering that Glascock was sexually abusing the minor victim and permitting other individuals he met online to engage in sexual activity with the child.  Id. at ¶ 7, 15.  On the day he was arrested before the agents located him, Glascock discussed with Prive, in emails, Prive coming over and helping Glascock sexually abuse the child again.  Id. at ¶ 15.  After discovering the aforementioned emails between Glascock and Prive, an undercover agent used Glascock's email account to continue online communication with Prive.  Id. at ¶ 16.

On November 4, 2013, the undercover agent, posing as Glascock, sent Prive emails inviting him to come to Glascock's residence to sexually abuse the minor victim again.  Id. at ¶ 17.  Prive agreed to come over the following day, November 5, 2013, and told the undercover agent that he wanted to penetrate the minor victim's vagina and anus and ejaculate on her again.  Id.

On November 5, 2013, the undercover agent sent Prive an email stating that Glascock's wife had just left the residence.  Id. at ¶ 18.  In response, Prive sent the undercover agent emails confirming Glascock's address and agreeing to bring lubricant with him.  Id.  at ¶ 20.  Thereafter, Prive travelled by motorcycle to Glascock's residence where agents stopped him and recovered a packet of lubricant in his possession.  Id. at  ¶ 22.   During an interview with agents, Prive

3

admitted to engaging in the aforementioned email correspondence with Glascock. Id. at ¶ 23. Prive further admitted to sexually abusing the minor victim at Glascock's residence as described above. Id. Prive also admitted that he planned to sexually abuse the minor victim a second time when he travelled to Glascock's residence on November 5, 2013. Id.

Agents eventually executed a search warrant at Prive's residence where they seized electronic devices, including a Kindle Device, that contained search terms consistent with an interest in child pornography as well as deleted files of child pornography. Id. at ¶ 25.

On August 27, 2014, Prive pled guilty to attempted online enticement of a minor, in violation of 18 U.S.C. § 2422(b). The horrific nature of Prive's crimes has resulted in an advisory guidelines range of 210 months to 262 months imprisonment. Id. at ¶ 67. For the reasons that follow, the United States requests the Court to sentence Prive to 262 months in federal prison followed by a life term of supervised release.

## ARGUMENT

### I. Guidelines Objections

Application of U.S.S.G. §2G1.3(b)(4)(A) and (b)(5)

Prive disputes the application of U.S.S.G. §2G1.3(b)(4)(A) and (b)(5) on the basis that the enhancements from these guidelines relate solely to Count One of the Indictment which the government has agreed to dismiss in the Plea Agreement. Id. at Addendum. Prive cites absolutely no authority in support of

4

his position that the Probation Office improperly applied these enhancements. Prive's objections to these enhancements should be rejected.

The Probation Office properly enhanced Prive's adjusted offense level two levels because the offense involved the commission of a sex act or sexual contact, under U.S.S.G. §2G1.3(b)(4)(A). Id. at ¶ 34.  Further, Prive properly received an eight level enhancement because the offense involved a minor who had not attained the age of 12 years under U.S.S.G. §2G1.3(b)(5).

It is true that the government has agreed to dismiss Count One pursuant to the plea agreement it entered into with Prive.  Doc. 27.  In Count One, Prive was charged with online enticement of the minor victim, in violation of 18 U.S.C. § 2422(b) for engaging in the email communication with Glascock that led up to the sexual abuse of the minor victim on September 10, 2013.  Notwithstanding the agreement to dismiss this Count, the government concurs with the Probation Office that the conduct surrounding the offense Prive has been convicted of supports the aforementioned enhancements.

As the Court is well aware, relevant conduct includes "all acts ... committed ... counseled, commanded, induced, procured or willfully caused by the defendant ... that occurred during the commission of ... [or] in preparation for that offense ... and all harm that was the object of such acts and omissions." See U.S.S.G. §1B1.3(a)(1), (a)(3).  It is of no import that relevant conduct acts relate to counts in an indictment that the defendant is ultimately acquitted of, so long as the conduct has been proved by a preponderance of the evidence.

5

<u>United States v. Faust</u>, 456 F.3d 1342 (11th Cir. 2006).  Similarly, counts that have been dismissed as part of a plea agreement and even uncharged conduct may be considered relevant conduct.  <u>See</u> <u>e.g.</u> <u>United States v. Scroggins</u>, 880 F.2d 1204 (11th Cir. 1989); <u>United States v. Ignancio Munio</u>, 909 F.2d 436 (11th Cir. 1990).

In his plea agreement, Prive acknowledged all of the facts set forth in the PSR, including the facts that form the basis for the enhancements he now disputes.  Specifically, Prive acknowledged and admitted that he sexually abused the minor victim as set forth above.  Doc. 27 at 26.  Such sexual abuse certainly satisfies the definition of a sex act or sexual contact under U.S.S.G. §2G1.3(b)(4)(A).  Prive further acknowledged that the minor victim he enticed and attempted to entice using the Internet was a three year-old female child.  <u>Id.</u> at 17.  Under U.S.S.G. §2G1.3(b)(5), a defendant's offense level is increased by eight levels if "the offense involved a minor who had not attained the age of 12 years." U.S.S.G. §2G1.3(b)(5).  A "minor," is defined, in part, as "an individual, whether fictitious or not, who a law enforcement officer represented to a participant (i) had not attained the age of 18 years, and (ii) could be provided for the purposes of engaging in sexually explicit conduct...." U.S.S.G. §2G1.3 cmt. n. 1.  The eight-level enhancement applied pursuant to U.S.S.G. §2G1.3(b)(5) reflects the Sentencing Commission's judgment that a sex offense covered by §2G1.3 that involves a child under the age of twelve, even a fictitious one, is more serious.  <u>United States v. Bowden</u>, 420 Fed. Appx. 907 (11th Cir. 2011).

Certainly, this enhancement should apply to Prive who sexually abused a three year-old child and engaged in online communication with an undercover agent in an attempt to engage in illegal sexual activity with this same child a second time.

Based on the foregoing, the aforementioned enhancements were appropriately applied to Prive's adjusted offense level and Prive's objections should be denied.

**II.    Section 3553(a) Factors**

1.    <u>The Nature and Circumstances of the Offense</u>

The nature and circumstances of Prive's offenses are atrocious and militate in favor of a guidelines sentence.  <u>See</u> 18 U.S.C. § 3553(a)(1).  Prive sexually abused and exploited a very young child.  More disturbingly, Prive derived significant enjoyment and satisfaction from what he subjected the child to, discussing it in gruesome detail with Glascock, the father of the child.  Prive's email correspondence with Glascock revealed that Prive fantasized, along with Glascock, about continuing to sexually abuse the minor victim.  Based on these emails, it appears that Prive would have certainly sexually abused the child again had he been given the opportunity.  Finally, when the undercover agent, posing as Glascock, invited Prive to sexually abuse the child again, Prive jumped at the opportunity.  Prive, in his emails to the undercover, was excited at the prospect of penetrating Glascock's three year-old daughter: "I'm looking forward to seeing how far we can stretch her out and how much cum we can put in her :)."  PSR at ¶ 17.  Based on Prive's prior sexual abuse of the child, these statements

reflected Prive's true intentions upon having contact with the child again.  In addition, Prive brought lubricant with him when he travelled to meet Glascock and the child again, indicating that Prive certainly intended to engage in sexual activity with the child for a second time.  As noted above, Prive also possessed deleted images of child pornography on his electronic device.

"Child sex crimes are among the most egregious and despicable of societal and criminal offenses."  United States v. Sarras, 575 F.3d 1191, 1220 (11th Cir. 2009) (court affirmed as reasonable a 100-year-sentence for a first offender who sexually abused a 13-year-old girl and photographed the abuse).  The Supreme Court has long recognized that childhood sexual abuse has devastating and long-lasting effects on its victims.  See New York v. Ferber, 458 U.S. 747, 758 n. 9 (1982)("It has been found that sexually exploited children are unable to develop healthy affectionate relationships in later life, have sexual dysfunctions, and have a tendency to become sexual abusers as adults.).  Prive's criminal conduct ranks at the forefront of an "egregious and despicable" field of crime, and is second, in its heinousness, only to Glascock's conduct.  A sentence of 262 months for Prive is absolutely appropriate under these circumstances.

    2.    <u>The History and Characteristics of the Defendant</u>

Similarly, Prive's history and characteristics militate in favor of a guidelines sentence.  18 U.S.C. § 3553(a)(1).  This factor is aimed at distinguishing among defendants who commit a particular offense or type of offense.  United States v.

Irey, 612 F.3d 1160, 1203 (11th Cir. 2010).

As discussed, Prive is a "hands-on" predator who sexually abused a toddler child and was eager to engage in this conduct again.  Nothing in Prive's background excuses or mitigates the danger he presents to children.  Although Prive served in the military for a few months before a medical discharge, such conduct does not warrant a downward variance.  See Irey, 612 F.3d at 1203-04 (court held that district's court substantial downward variance based on the defendant's good character was unreasonable).  See also, United States v. Martin, 455 F.3d 1227, 1239-40 (11th Cir. 2006) (disapproving the sentencing court's emphasis on the defendant's lack of a criminal record and the aberrational nature of his crimes, which the guidelines had already taken into account, and pointing out that his criminal conduct spanned a period of years and caused much harm).  There is nothing in Prive's background to show that he is any different from any other person who commits horrendous crimes against children.  Indeed, his history and characteristics weigh in favor of a guidelines sentence.

    3.    <u>Just Punishment, Adequate Deterrence, Respect for the Law, and Protection of the Public</u>

A guidelines sentence also meets the sentencing goals of adequate deterrence, respect for the law, protection of the public and just punishment in this case.

Deterrence is a particularly weighty factor in this case.  "The more serious the crime and the greater the defendant's role in it, the more important it is to send a strong and clear message that will deter others." Irey, 612 F.3d at 1212.

Prive engaged in a pattern of illegal sexual activity involving an extremely young and vulnerable child.  The Eleventh Circuit has held that deterrence is "particularly compelling in the child pornography context" and that district courts should give significant weight deterring the production of child pornography and protecting children who are victimized by it.  United States v. Pugh, 515 F.3d 1179, 1194 (11th Cir. 2008).

Prive's conduct warrants similar deterrence.  "Congress explicitly [has] recognized the high rate of recidivism in convicted sex offenders, especially child sex offenders."  United States v. Allison, 447 F.3d 402, 405-06 (5th Cir. 2006); see also, Pugh, 515 F.3d at 1201 ("As Congress has found and as we have discussed, child sex offenders have appalling rates of recidivism and their crimes are under-reported.").  Consequently, a substantial sentence is warranted to specifically deter Prive from sexually abusing minors, to promote respect for the law, and to provide for just punishment.  A sentence of 262 months in federal prison will protect children from further crimes by Prive and the magnitude of the harm that will occur if he does commit more sex crimes against children.

For the foregoing reasons, the United States respectfully requests the Court to sentence Prive to a term of 262 months imprisonment followed by a life term of supervised release. In light of the serious nature of the offense, Prive's personal characteristics, the need for the protection of children, just punishment, deterrence, and the need to promote respect for the law, a guidelines sentence is reasonable.

                                        Respectfully submitted,

                                        A. LEE BENTLEY, III
                                        Acting United States Attorney

By:   *s/ Andrew C. Searle*
       Andrew C. Searle
       Assistant United States Attorney
       USA No. 0143
       400 W. Washington Street, Suite 3100
       Orlando, Florida 32801
       Telephone:  (407) 648-7500
       Facsimile:   (407) 648-7643
       E-mail:  andrew.searle@usdoj.gov

**U.S. v. JONATHAN TYLER PRIVE          CASE NO. 6:14-cr-33-Orl-28KRS**

## CERTIFICATE OF SERVICE

I hereby certify that on December 12, 2014, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Daniel N. Brodersen, Esquire.

*s/ Andrew C. Searle*
Andrew C. Searle
Assistant United States Attorney
USA No. 0143
400 W. Washington Street, Suite 3100
Orlando, Florida 32801
Telephone:   (407) 648-7500
Facsimile:    (407) 648-7643
E-mail:   andrew.searle@usdoj.gov