UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

VS.                                                       CASE NO: 6:14-cr-33-Orl-28KRS

JONATHAN TYLER PRIVE

REPORT AND RECOMMENDATION

TO THE UNITED STATES DISTRICT COURT:

This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| MOTION | DEFENDANT'S VERIFIED MOTION TO WITHDRAW GUILTY PLEA (Doc. No. 48) |
| FILED: | December 9, 2014 |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

I.   BACKGROUND.

Defendant Jonathan Tyler Prive is charged in an Indictment with two counts of violation of 18 U.S.C. § 2422(b), that is using a facility and means of interstate commerce to knowingly persuade, induce, entice and coerce an individual who had not attained the age of 18 years to engage in sexual activity for which he could be charged with a criminal offense under the laws of the State of Florida, specifically lewd or lascivious molestation and conduct in violation of Fla. Stat. § 800.04 and sexual battery in violation of Fla. Stat. § 794.011. Defendant entered a plea of guilty to Count Two of the Indictment pursuant to a Plea Agreement. Doc. Nos. 27, 31. I recommended that the

presiding District Judge accept both the Plea Agreement and the plea of guilty. Doc. No. 31. Prive and his then counsel of record filed a notice of no objection to the Report and Recommendation. Doc. No. 33. On August 29, 2014, the presiding District Judge adjudicated Prive guilty of the charge in Count Two of the Indictment. Doc. No. 36.

Thereafter, Prive asked the Court to appoint a different attorney to represent him. Doc. Nos. 40, 41. I granted the request after an *in camera* hearing in which Prive articulated dissatisfaction with his attorney. I did not find that Prive had established that his attorney gave him incorrect advice or failed to give him proper advice. However, because the concerns Prive articulated created a conflict with his original attorney, I appointed current counsel of record to represent Prive. Doc. Nos. 43, 44.[1]

Prive, through his newly appointed attorney, now wishes to withdraw his plea of guilty and proceed to trial. Doc. No. 48. The United States opposes the relief requested. Doc. No. 54.

The motion has been referred to me for issuance of a Report and Recommendation.

## II.   ANALYSIS.

In the motion, which is signed by Prive but not verified under oath or under penalty of perjury, Prive contends that his originally appointed counsel told him that any discrepancies between the Plea Agreement and my plea colloquy would be resolved in favor of the Plea Agreement. The only specific discrepancy he identified is his assertion that his original attorney told him that he could appeal his conviction on Count Two, which is in direct conflict with the instructions I gave Prive during the plea colloquy. Prive also states that his prior counsel told him that Judge Antoon would not accept the guilty plea and that he would not be adjudicated guilty of Count Two until sentencing. Finally, he submits that his previous attorney did not tell him that the failure to disclose

---

[1] A digital recording of the *in camera* hearing is available for the Court's review.

exculpatory evidence was a viable defense to the charges against him.  Doc. No. 48.  He does not, however, identify any exculpatory evidence he contends has not been disclosed.  *See also* R. 49.

A defendant has no absolute right to withdraw a guilty plea before imposition of sentence. *United States v. Buckles*, 843 F.2d 469, 471 (11th Cir. 1988).  Federal Rule of Criminal Procedure 11(d)(2)(B) allows a defendant to withdraw a guilty plea after the Court accepts the plea but before it imposes sentence if the defendant can show a fair and just reason for requesting the withdrawal.

Whether the motion to withdraw shows a fair and just reason is to be liberally construed, but the decision to allow withdrawal is left to the sound discretion of the district court.  The decision of the district court will be reversed only if it is arbitrary or unreasonable.  *United States v. Hunter*, --- F. App'x ---, 2014 WL 5285611, at * 2 (11th Cir. Oct. 16, 2014)(unpublished decision cited as persuasive authority)(quoting *Buckles*, 843 F.2d at 471).  In resolving a motion to withdraw, the Court may consider the totality of the circumstances surrounding the plea, including whether (1) close assistance of counsel was available, (2) the plea was knowing and voluntary, (3) judicial resources would be conserved, and (4) the government would be prejudiced if the defendant were allowed to withdraw his plea.  *Buckles*, 843 F.2d at 471-72.

Turning to the *Buckles* factors, the totality of the circumstances establish that Prive expressed dissatisfaction with his original attorney after he pleaded guilty.   In the present motion, Prive asserts that his original attorney gave him incorrect information about the consequences of entering his plea of guilty and failed to provide him with information Prive considers important to his defense. While he has not established the truth of his allegations under oath, and his representations are in large part contrary to his sworn statements during the plea colloquy, his allegations raise concerns about whether he was provided "close assistance of counsel," and whether his guilty plea was "knowingly" entered, which concerns will have to be resolved through an evidentiary hearing either

now or after sentencing if a petition is filed under 28 U.S.C. § 2255. Therefore, judicial resources will not be conserved if the motion is denied.

As for prejudice to the government, the United States admits that it is able to present evidence at trial. It argues that it will be prejudiced by having to re-contact witnesses, including members of the minor victim's family, to tell them that they will have to testify at trial. The United States also argues that allowing the Defendant to withdraw from the plea would allow the Defendant to further delay the proceedings. Doc. No. 54 at 14-15. While the prejudice to the minor victim's family is not to be taken lightly, it does not appear that the minor victim would be called to testify in this case. Further, the prejudice to the United States in this respect must be balanced against the other factors in determining whether to grant the motion. The Court can minimize further delay of the case by setting it for trial early in 2015 after providing a period for filing pretrial motions, if requested.

In light of the totality of the circumstances, I recommend that the Court permit Defendant Prive to withdraw his plea of guilty. Doing so will permit him to have a full and fair trial on both counts of the Indictment without benefit of the promises in the Plea Agreement. Any asserted errors in his original counsel's advice to him will be rendered moot by allowing his new counsel to advise him regarding the trial and to present pretrial motions, if requested.

It is **ORDERED** that counsel for Prive shall provide him with a copy of this Report and Recommendation and the Court's ruling thereon.

Failure to file written objections to the proposed findings and recommendations contained

in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on December 23, 2014.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy