UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v.                                    CASE NO. 6:14-cr-33-Orl-28KRS

JONATHAN TYLER PRIVE

**UNITED STATES' OBJECTIONS TO
MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

The United States of America, by A. Lee Bentley, III, United States Attorney

for the Middle District of Florida, hereby respectfully objects to the United States

Magistrate Judge's Report and Recommendation, Doc. 55, dated December 23,

2014, and asks this Court to deny the Defendant's Verified Motion To Withdraw

Guilty Plea, Doc. 48, and states as follows in support thereof:

**I.**    **Procedural History**

On August 27, 2014, before  the United States Magistrate Judge, the

Defendant pleaded guilty to Count Two of the Indictment in connection with a plea

agreement.   Doc. 27 and Doc. 28.   During the plea colloquy, attached as

Government's Exhibit A (Doc. 37), the Court advised the Defendant, in great detail,

about the crimes that he was charged with and the potential penalties for pleading

guilty.

> THE COURT:         You agree to plead guilty to count two of the indictment
> which is the attempted enticement of a minor to
> engage in sexual activity that we talked about just a
> moment ago.   If you are convicted of that offense you
> face a mandatory minimum term of 10 years in jail up to

the rest of your life in jail, a fine of up to $250,000, a term of supervised release of at least five years up to the rest of your life and you would be required to pay a special assessment of $100 at the time of sentencing. In addition, the Court can order you to pay restitution to the victim of the offense and you do under the plea agreement agree to make full restitution to the minor victim.   That amount would be determined at the time of sentencing.

Doc. 37 at 9-10.

THE COURT:   Page 8 notifies you that if you are convicted of this offense, then you will be required to comply with the Sex Offender Registration and Notification Act which is a federal law that we sometimes refer to as SORNA. It requires that you register and keep your registration current in the place where you live, the place where you work, and if you're a student, the place where you are in school. Failure to keep -- to register and keep your registration current could subject you to another felony offense.

Doc. 37 at 13.

THE COURT:   We don't have parole in the federal prison system any more.   That used to be kind of an early release program.   Now if you're sentenced to a term in jail you will serve almost all if not all of any term of imprisonment imposed. I mentioned supervised release as part of a possible sentence.   That's time you serve under the supervision of the court's probation office after getting out of jail. There will be things you had to do and things you could not do as part of your supervised release.   If you violated a condition of supervised release your supervised release could be taken away.   You could be sent back to jail to serve the term of supervised release, some or all of it, in addition to the time you served on the original sentence. In addition, the Court could require you to contribute financially to the cost of your supervision if you had the money to do that. You should know that in sexual offender cases at the end of any criminal term of imprisonment there is sometimes an evaluation to determine whether the defendant would be a danger to

the community if released.   If it was determined that
you would be a danger to the community if released,
then there may be subsequent civil commitment
proceedings that follow. We already talked about
SORNA registration.
You'll also be required to cooperate in the collection of
a DNA sample if that becomes required under the law.

Doc. 37 at 18-19.

THE COURT:         Mr. Prive, do you understand all the possible penalties
that apply if you plead guilty to this charge?

THE DEFENDANT: I understand, Your Honor.

Doc. 37 at 19.

The Court asked the Defendant multiple times about the Defendant's
decision to plead guilty.   The Court also ensured that there was no intimidation or
threats made against the Defendant.   Further, the Court ensured that the
Defendant made the plea freely and voluntarily.

THE COURT:         I have a number of things I need to talk with you about
yet so if at any point you decide you do not want to
plead guilty, let me know, I'll stop this proceeding and
the case will go on as previously scheduled. The next
thing I want to talk to you about is the reason you're
proposing to plead guilty.   First, has anyone done
anything you think is wrong or unfair, threatened you in
any way to get you to plead guilty to this charge?

THE DEFENDANT: No, Your Honor.

THE COURT:         Do you want to plead guilty because you committed the
crime or for some other reason?

THE DEFENDANT: Because I committed the crime, Your Honor.

Doc. 37 at 7-8.

THE COURT:         Mr. Prive, how do you plead to the charge in

3

count two of the indictment?

THE DEFENDANT: The charge of count two I plead guilty.

THE COURT:     Are you freely and voluntarily entering this plea of guilty?

THE DEFENDANT: I am, Your Honor.

THE COURT:     I determine that the this plea of guilty is knowingly, intelligently and voluntarily made and it's not the result of force or threats or promises except for the promises contained in the plea agreement.   I will recommend that Judge Antoon accept both your guilty plea and the plea agreement.

Doc. 37 at 25.

The Court asked the Defendant if he had any concerns or complaints about his counsel.

THE COURT:     Have you had enough time to talk with your attorney about the charges and the forfeiture allegation in the indictment?

THE DEFENDANT: Yes, Your Honor, I have.

THE COURT:     Are you satisfied with his services representing you in this case?

THE DEFENDANT: Yes, Your Honor.

Doc. 37 at 8.

The Court also explained the plea process, the Defendant's appellate waiver, and the sentencing guidelines, and the Defendant informed the Court that he understood and had discussed the topics with his lawyer.   Specifically, the Court told the Defendant that his plea agreement was not in any way binding or controlling on the sentencing Judge.

THE COURT:         None of the judges of the court helped to write the plea agreement, so it will be up to Judge Antoon, who's the judge who will sentence you, to decide whether or not to accept the terms of the plea agreement. Did you read the plea agreement all the way through before you signed it?

THE DEFENDANT: I did.

THE COURT:         Did you talk to your lawyer about it before you signed it?

THE DEFENDANT: I did.

THE COURT:         Do you believe you understand the plea agreement?

THE DEFENDANT: Yes, I do.

Doc. 37 at 8-9.

THE COURT:         Bottom of page 13, top of page 14, talks about your right to appeal from a mistake in your sentence.   And I want to review that with you.   First, let me tell you that if you plead guilty you are admitting for all time that you committed the crime.   You give up any defenses or excuses you may have and you give up any motions your lawyer has filed or you have talked with him about filing and you give up your right to come back to that court or go to another court later on and argue that you should not have been found guilty.   The right to come back to this court or go to another court is called the right to appeal.   So if you plead guilty you have no right to appeal from the finding that you are guilty.   If you think the judge makes a mistake in the sentence you receive, though, you usually do have the right to appeal from that to go to the next higher court and ask that court to correct a mistake.   Under the plea agreement you're giving up some of your rights to take a direct appeal from your sentence.   You can only appeal if the sentence is above the guideline range as determined by the court.   If the sentence is more than the maximum permitted by the law or if the sentence violates the Eighth Amendment to the Constitution, which is your protection against cruel and unusual

punishment, in addition, however, if the United States appeals from your sentence, then you could appeal for any reason. Do you understand how that limits your right to appeal from a mistake in your sentence?

THE DEFENDANT: Yes, I do.

THE COURT:          And is that right you're willing to give up?

THE DEFENDANT: Yes, that is.

Doc. 37 at 14-15.

THE COURT:          Okay.   Mr. Prive, we've talked a little about the sentencing guidelines.   Have you and your attorney talked about how the guidelines might apply in this case?

THE DEFENDANT: At length, Your Honor.

Doc. 37 at 16.   Thereafter, the Court provided the Defendant with a detailed explanation of the advisory sentencing guidelines.   Doc. 37 at 16-17.

Before the Court asked for the Defendant's plea, the Court, on more than one occasion, asked the Defendant if he had any questions or wanted to raise any issues that had not been raised by the Court.

THE COURT:          I've talked about many things.   Have you had any – do you have any questions about anything I have talked about?

THE DEFENDANT: Not at this time, Your Honor.

THE COURT:          Any questions about anything in the plea agreement that I didn't go over that you would like me to review?

THE DEFENDANT: I don't have anything, Your Honor.

Doc. 37 at 21.

> THE COURT:          I told you when we started you did not have to plead guilty.   Now we are getting close to the time where I'm going to ask you what you'd like to do.   First, though, is there anything you want to tell me or ask me about your decision to plead guilty that we have not talked about?
>
> THE DEFENDANT: No, Your Honor.
>
> THE COURT:          Is there anything you told me under oath that you would like to change because you think it might not have been completely truthful?
>
> THE DEFENDANT: No, Your Honor.
>
> THE COURT:          Have you had any problem hearing or understanding me?
>
> THE DEFENDANT: None, Your Honor.

Doc. 37 at 24.

In sum, the Defendant's plea was knowing and voluntary, and he confirmed for the Court, under oath, that he had close assistance of counsel prior to and during the change of plea hearing.   For almost two whole months after he pleaded guilty, the Defendant was silent about any dissatisfaction that he had with his plea or counsel.[1]   A Report and Recommendation concerning the Defendant's guilty plea was filed on August 27, 2014, the same date as the change of plea hearing, and was signed by the Magistrate Judge, and the Defendant did not object.   Doc. 31.   On August 29, 2014, the District Court accepted the plea and adjudicated the

---

[1] Almost two months after his change of plea, and well after the Court accepted the Defendant's guilty plea, the Defendant filed a *pro se* motion for appointment of new counsel claiming that his counsel made "certain representations" to him which proved to be "false and/or misleading."   Doc. 39.   On October 29, 2014, the Defendant's original counsel of record filed a motion to withdraw as the Defendant's attorney.   Doc. 41.   After an *in camera* hearing with the Defendant's original counsel of record, the Court appointed new counsel.   Doc. 43 and Doc. 44.

Defendant guilty of Count Two.   Doc. 36.   It was only after his revised Pre-sentence Investigation Report (PSR) was filed (Doc. 46), in which it was determined that the Defendant's sentencing guidelines range is 210 to 262 months imprisonment, that the Defendant filed his motion to withdraw his guilty plea (Doc. 48).

On December 19, 2014, the United States filed its response in opposition to the Defendant's motion to withdraw his guilty plea.   Doc. 54.   In substance, the United States argued: (1) that the Defendant failed to meet his burden of demonstrating a "fair and just" reason for the withdrawal of his plea; and (2) that an evidentiary hearing would not be necessary due to the extensive Rule 11 inquiry that the Magistrate Judge conducted prior to the acceptance of the Defendant's guilty plea.   Doc. 54.   Accordingly, the United States asked the Court to deny the Defendant's motion based on the authority the United States cited in its response. On December 23, 2014, the Magistrate Judge issued a Report and Recommendation recommending that the District Court grant the Defendant's motion to withdraw his guilty plea.   Doc. 55.   The United States respectfully objects to this recommendation by the Magistrate Judge and maintains that the Defendant's motion to withdraw his guilty plea should be denied.

## II.   Memorandum of Law

Once the district court has accepted a defendant's guilty plea, the defendant has no absolute right to withdraw a guilty plea before sentencing and may do so only if (1) the district court rejects the plea agreement, or if (2) "the

defendant can show a fair and just reason for requesting the withdrawal."   Fed. R. Crim. P. 11(d)(2)(A)-(B). This permissive withdrawal rule is to be liberally construed but there is no absolute right to withdraw a guilty plea. United States v. Buckles, 843 F.2d 469, 471 (11th Cir.1988).   A defendant bears the burden on his motion to withdraw his guilty plea, and must show a "fair and just reason" to withdraw a plea.   Id. at 471-72; see also United States v. Izquierdo, 448 F.3d 1269, 1276 (11th Cir. 2006).   In determining whether a defendant has met this burden, a district court may consider the totality of the circumstances surrounding the plea, including whether: (1) close assistance of counsel was available, (2) the plea was knowing and voluntary, (3) judicial resources would be conserved, and (4) the government would be prejudiced if the defendant were allowed to withdraw his plea. Buckles, 843 F.2d at 471–72.   If a defendant does not satisfy the first two prongs of the Buckles analysis, the Court need not "give particular attention" to the others.   United States v. Gonzalez–Mercado, 808 F.2d 796, 801 (11th Cir.1987).

"The good faith, credibility and weight of a defendant's assertions in support of a motion to withdraw a guilty plea are issues for the trial court to decide." United States v. Brehm, 442 F.3d 1291, 1298 (11th Cir. 2006) (internal quotation marks and alteration omitted). There is also a strong presumption that statements made by a defendant during the plea colloquy are true. United States v. Medlock, 12 F.3d 185, 187 (11th Cir.1994). Consequently, a defendant bears a heavy burden to show that his statements under oath were false. United States v. Rogers, 848 F.2d 166, 168 (11th Cir.1988).

The Court may also consider the timing of the defendant's request to withdraw a guilty plea as a window into the defendant's true motivation. Id. Where a Magistrate Judge has conducted an extensive Rule 11 hearing that thoroughly evaluated the knowing and voluntary nature of a defendant's guilty plea, an evidentiary hearing on a motion to withdraw is not required. Brehm, 442 F.3d at 1298; see also United States v. Stitzer, 785 F.2d 1506, 1514 (11th Cir. 1986).

When objections are made to a magistrate judge's report and recommendation, the Court "shall make a de novo determination of those portions . . . to which objections are made" and " . . . may accept, reject, or modify, in whole or in part, the findings," and ". . . may also receive further evidence or recommit the matter to the magistrate judge with further instructions." 28 U.S.C. § 636(b)(1)(C). This Court has "broad discretion in reviewing a magistrate judge's report and recommendation," and may consider arguments that were not even raised before the magistrate judge. United States v. Williams, 557 F.3d 1287, 1292 (11th Cir. 2009); see also United States v. Franklin, 694 F.3d 1, 6 (11th Cir. 2012) (the District Court did not abuse its discretion by considering an exigency argument that was not raised before the magistrate judge at an evidentiary hearing).

In the present case, the Defendant has failed to meet his burden that there is a "fair and just" reason justifying the withdrawal of his plea based on the aforementioned authority. In addition, the timing of the Defendant's motion suggests a calculated effort to improve his position instead of a "swift change of

heart." See Rogers, 848 F.2d at 168-69; Gonzalez-Mercado, 808 F.2d at 801. Further, the Court has broad discretion to consider all of the Government's objections to the Magistrate Judge's Report and Recommendation, to reject the Report and Recommendation, and to deny the Defendant's motion without conducting an evidentiary hearing on the motion.  Based on the record that is presently before the Court, the holding of such an evidentiary hearing would be unnecessary.

### A.   The Defendant had Close Assistance of Counsel

The Defendant alleges that his previous counsel of record failed to provide him with close assistance of counsel thereby rendering his plea involuntary, including allegedly failing to advise him on the appellate waiver aspect of his guilty plea, the plea process, the timing of his adjudication of guilt, and his rights under Brady v. Maryland, 373 U.S. 83, 87 (1963).   The only support the Defendant has provided for these allegations are his own unsworn conclusory claims.

Where a defendant's conclusory claims that he did not receive close assistance of counsel are belied by the defendant's own testimony at a plea colloquy, such claims are insufficient to establish a "fair and just reason" justifying a withdrawal of a guilty plea.  See United States v. Hunter, --- Fed. Appx. ---, 2014WL5285611, at 3-5 (11th Cir. Oct. 16, 2014); United States v. Jerchower, 486 Fed. Appx. 68, 71-72 (11th Cir. 2012); and United States v. Pitts, 463 Fed. Appx. 831, 833 (11th Cir. 2012).   In considering "the good faith, credibility and weight of a defendant's assertions" in a motion to withdraw a guilty plea, the Court can look

11

to the sworn statements the defendant made during his plea colloquy, even where a defendant does not dispute the sufficiency of a magistrate judge's Rule 11 inquiry.  Jerchower, 486 Fed. Appx. at 71.  As noted "when a defendant makes statements under oath at a plea colloquy, he bears a heavy burden to show his statements were false."  Rogers, 848 F.2d at 168.  Thus, any conflict between the Defendant's plea colloquy and the self-serving claims that he has made in the instant motion should be resolved in favor of the plea colloquy.

As set forth above, in his plea colloquy, the Defendant acknowledged, under oath, that he had close assistance of counsel prior to, and during, his plea hearing.  The exhaustive hearing conducted by the Magistrate Judge also established that the Defendant's guilty plea was knowing and voluntary.  The Defendant has failed to meet the "heavy burden" of showing that his testimony during the plea colloquy was false.  Most notably, the conclusory claims the Defendant has made in his motion to withdraw his plea are wholly belied by the statements he made under oath to the Magistrate Judge.

The Magistrate Judge told the Defendant that by pleading guilty he was giving up his right to appeal from the finding that he was guilty and the Defendant acknowledged that he understood and was willing to give up this right.   Doc. 37 at 14-15.  This acknowledgment completely contradicts the Defendant's claim that his prior counsel erroneously advised him that he would be able to appeal his conviction after he entered his guilty plea.  As the Magistrate Judge correctly stated in the Report and Recommendation, this claim by the Defendant was in

"direct conflict" with the "instructions" provided to the Defendant during the plea colloquy.   Doc. 55 at 2.

The other claims that the Defendant has made in the instant motion were also revealed to be false based on the record that is before this Court. The Magistrate Judge advised the Defendant that his plea agreement was not binding on the Court and the Defendant acknowledged that he understood this.   Doc. 37 at 8-9.   The Defendant also assured the Magistrate Judge that he had read, and fully understood, his plea agreement.   Doc. 37 at 8-9.   The express language of the plea agreement advised the Defendant of the appellate rights that he was waiving by entering his plea.   Doc. 27 at 13.   The language in the plea agreement also advised the Defendant that his agreement was not binding on the Court and could be rejected by the Court, and that such a rejection would not be a basis for the withdrawal of his plea.   Doc. 27 at 12-13.

According to the Defendant's instant motion, his prior counsel erroneously advised him that any discrepancies between his plea colloquy and the plea agreement would be construed in favor of the agreement.   At no point during his plea did the Defendant raise this issue with the Magistrate Judge or inform the Court that his attorney led him to believe that his plea agreement was the controlling document in his plea, despite ample opportunities to do so.   Instead, the Defendant acknowledged, on the record, that his plea agreement was non-binding on the District Court.

The Magistrate Judge also advised the Defendant that she would

recommend that the District Court accept the Defendant's guilty plea and the plea agreement, and thereby advised the Defendant that his plea would be accepted by the District Court.   Doc. 37 at 25.   Towards the very end of the colloquy, the Magistrate Judge asked the Defendant if there was anything he wanted to change on the record, bring to the Magistrate Judge's attention, or ask the Judge before making his final decision to plead guilty, and the Defendant replied that he had no questions, comments or changes.   Doc. 37 at 24.   Despite this final opportunity during his plea colloquy, the Defendant failed to raise any of the claims he now asserts in the instant motion, including his claim that his prior counsel failed to properly advise him on the timing of his adjudication by the District Court. Instead, the Defendant elected to plead guilty.   Doc. 37 at 25.

The Defendant's statements to the Magistrate Judge also reveal that he had close assistance of counsel.   The Defendant acknowledged that he discussed and reviewed his plea agreement with his prior counsel and that he had lengthy discussions with counsel regarding the sentencing guidelines.   Doc. 37 at 8-9, 16.   The Defendant also told the Magistrate Judge that he was completely satisfied with his prior attorney's advice and counsel. Doc. 37 at 8.   Notably, as indicated in the Report and Recommendation, the Defendant has failed to identify any exculpatory evidence he contends has not been disclosed.   Doc. 55 at 3. Additionally, part of the record includes the Magistrate Judge's *in camera* hearing on November 3, 2014 with the Defendant and his prior counsel.   Doc. 43.   The Government was not present for the hearing, however, the Magistrate Judge

determined that the Defendant failed to establish that his attorney gave him incorrect advice or failed to give him proper advice.  Doc. 55 at 2.  This is yet further corroboration in the record that the Defendant received close assistance of counsel prior to and during his change of plea.

Based on the foregoing, the Defendant has failed to demonstrate that his plea was unknowing and involuntary due to a lack of close assistance of counsel, and the Court should deny his motion on that basis alone.

### B.      The Defendant's Plea was Knowing and Voluntary

Specifically regarding the knowing-and-voluntary prong, the Eleventh Circuit has explained that the Court is obligated at the change of plea hearing to address "three core concerns," namely whether the (1) plea is free from coercion, (2) defendant understands the nature of the charges and (3) defendant knows and understands the consequences of his guilty plea.   United States v. Hernandez-Fraire, 208 F.3d 945, 949 (11th Cir. 2000).

> A guilty plea is more than a confession which admits that the accused did various acts.   It is an admission that he committed the crime charged against him.   By entering a plea of guilty, the accused is not simply stating that he did the discrete acts described in the indictment; he is admitting guilt of a substantive crime.

United States v. Broce, 488 U.S. 563, 570 (1989) (internal quotations and citations omitted).   A defendant fails to establish a "fair and just reason" for the withdrawal of his plea when an "exhaustive hearing conducted by the magistrate judge established" that his guilty plea was knowing and voluntary. United States v. Villalona, 506 Fed. Appx. 902, 905 (11th Cir. 2013).

The Defendant does not allege that the Rule 11 plea colloquy conducted by the Magistrate Judge was in any way inadequate or insufficient.   As noted above, the colloquy addressed every necessary issue and the Defendant agreed that he understood each right being waived.   Furthermore, the Defendant, under oath, agreed that each fact contained in the Factual Basis of his plea agreement was correct.   Doc. 37 at 23-24.   Simply put, the record of this case is clear and convincing that the Defendant's plea was based solely on the Defendant's knowing and voluntary decision to pled guilty because he was guilty.   This is yet another reason for the Court to deny the Defendant's motion.

**C.   The Defendant's Motion Can Be Denied Without Further Inquiry From The Court**

Because the Defendant has failed to satisfy the first two prongs of the Buckles analysis, the Court need not "give particular attention" to the others.   See Gonzalez–Mercado, 808 F.2d at 801.   The Magistrate Judge relied heavily on these additional factors (conservation of judicial resources and prejudice to the government) in her recommendation to the Court that the Defendant's motion should be granted, however, the Court should deny the Defendant's motion without consideration of these factors because he has failed to satisfy both of the first two Buckles factors as set forth above in detail.   The United States further contends that even if the Court were to consider these additional factors, the Defendant's motion should still be denied.

**D.   Conservation of Judicial Resources**

Judicial resources would not be conserved by granting the Defendant's

16

motion.   After a status conference in April of 2014, the Defendant was granted a four-month continuance to the September 2014 trial term so that the Defendant and his prior counsel of record could fully review the discovery in the case and make an informed decision about whether to go to trial or plead guilty.   Doc. 21 and Doc. 24.    On the eve of trial, which was scheduled to commence the week of September 2, 2014 before the District Court, the Defendant elected to plead guilty as set forth above on August 27, 2014.    The Defendant is now attempting to withdraw his guilty plea without any factual or legal basis to do so, and after signing a plea agreement with the Government, admitting to a Factual Basis containing the acts charged, and freely and voluntarily pleading guilty in open Court after a thorough Rule 11 inquiry.   Judicial resources have already been, and continue to be expended, as a result of the instant motion and the prior proceedings in this case.   Ultimately, significant judicial resources would be expended in conducting a trial of the Defendant.

The Magistrate Judge's recommendation is premised on the concern that an evidentiary hearing will have to be held either now or after sentencing pursuant to 28 U.S.C. § 2255 because there is a question as to whether the Defendant received "close assistance of counsel" and whether his guilty plea was "knowingly," and therefore judicial resources will not be conserved if the motion is denied.   As discussed above, the Defendant's conclusory claims have failed to establish that he did not have "close assistance of counsel," and his sworn statements on the record fully contradict such claims. Thus, there are no questions

regarding the Defendant's close assistance of counsel or the voluntariness of his plea to resolve, and an evidentiary hearing is not necessary.

The Eleventh Circuit has consistently held, in post-plea claims of ineffective assistance of counsel, that the District Court need not conduct an evidentiary hearing on a defendant's motion to withdraw a plea when there has been an extensive Rule 11 hearing that thoroughly evaluated the knowing and voluntary nature of a defendant's guilty plea.   See Hunter, 2014WL5285611, at 3-5 (defendant's allegations, *inter alia*, that his attorney did not provide close assistance and that he was under duress to plead guilty were belied by a comprehensive Rule 11 hearing; no evidentiary hearing on his motion to withdraw the plea was necessary); Jerchower, 486 Fed. Appx. at 71-72 (defendant's allegations that he did not have close assistance of counsel because his attorney gave him inaccurate sentencing information was belied by his testimony during an "extensive" plea colloquy; no evidentiary hearing on his motion to withdraw his guilty plea).   Similarly, a § 2255 petitioner is not automatically entitled to an evidentiary hearing when the record establishes that a 2255 claim lacks merit or that it is defaulted. See United States v. Lagrone, 727 F.2d 1037, 1038 (11th Cir. 1984); McCleskey v. Zant, 499 U.S. 467, 494 (1991).

If an evidentiary hearing were to be held in this matter, the Government expects that such a hearing would consume far less judicial resources than a jury trial that would last multiple days.    Because granting the Defendant's motion will require a jury trial and denying his motion need not result in an evidentiary hearing,

the Government maintains that judicial resources will be greatly conserved by denying the Defendant's motion.

### E.     Prejudice to the Government

Prejudice exists to the Government if the Defendant is permitted to withdraw his plea.   As noted, the Defendant pled guilty the week before his trial was scheduled to commence.   It has now been over four months since the plea was taken and all of the witnesses, including the minor victim's family, believed that this matter was behind them.     As noted, the Defendant entered a knowing and voluntary guilty plea, after an extremely thorough colloquy.   Should the Defendant's motion be granted, the Government and its witnesses will have to expend resources and conduct a trial in this very serious matter after harboring for four months under the belief that this case was resolved.   Courts have found prejudice to the Government under similar circumstances in a child exploitation case.   See United States v. Byrne, No. 09–14059–CR–MOORE/LYNCH, 2010 WL 2243755 (S.D. Fla. June 4, 2010).   Permitting the Defendant to withdraw from his knowing and voluntary plea would allow the Defendant to be unjustly enriched and further allow him to delay proceedings.

### F.     Timeliness

Over three months elapsed in between the Court's adjudication of the Defendant and his filing of the instant motion.   Only after having seen his final PSR, did the Defendant move to withdraw his guilty plea.   A defendant's change of mind after he has seen a PSR is not sufficient reason to permit withdrawal of the

plea.   See United States v. Sweeney, 878 F.2d 68, 70 (2d Cir. 1989).   The Court may also consider the timing of the defendant's request to withdraw a guilty plea as a window into the defendant's true motivation, including whether the motion is a calculated effort to improve one's position instead of a "swift change of heart." Rogers, 848 F.2d at 168–69; Gonzalez-Mercado, 808 F.2d at 801.   Here, it appears, based on the timing of the Defendant's motion, that the Defendant's true motivation is to avoid facing a sentence that is significantly higher than the mandatory minimum of 120 months by making conclusory and unsupported claims against in his prior counsel in an effort to withdraw his guilty plea.

**III.    Conclusion**

Pursuant to the precedent binding on this Court and the arguments asserted herein, the Government respectfully objects to the Magistrate Judge's recommendation and requests that the Defendant's motion to withdraw his guilty plea be denied.

Respectfully submitted,

A. LEE BENTLEY, III
United States Attorney

By:    *s/ Andrew C. Searle*
Andrew C. Searle
Assistant United States Attorney
USA No. 0143
400 West Washington Street, Suite 3100
Orlando, Florida 32801
Telephone:   (407) 648-7500
Facsimile:     (407) 648-7643
E-Mail: andrew.searle@usdoj.gov

**U.S. v. JONATHAN TYLER PRIVE**          **Case No. 6:14-cr-33-Orl-28KRS**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 6, 2015, I electronically filed the foregoing

with the Clerk of the Court by using the CM/ECF system which will send a notice of

electronic filing to the following:

Daniel N. Brodersen, Esquire.


<u>s/ Andrew C. Searle</u>
Andrew C. Searle
Assistant United States Attorney
USA No. 0143
400 West Washington Street, Suite 3100
Orlando, Florida 32801
Telephone:    (407) 648-7500
Facsimile:     (407) 648-7643
E-mail:   andrew.searle@usdoj.gov