IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,

v.                                     CASE NO.: 6:14-cr-33-Orl-28KRS

JONATHAN TYLER PRIVE ,

       Defendant.
_____/

**<u>DEFENDANT'S RESPONSE TO GOVERNMENT'S OBJECTIONS TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION RE: MOTION TO WITHDRAW PLEA OF GUILTY</u>**

      COMES NOW Defendant, JONATHAN TYLER PRIVE, by and through his undersigned attorney, and submits this Response to the Government's Objections to the Magistrate Judge's Report and Recommendation Re: Motion to Withdraw Plea of Guilty and states as follows:

**A.  INTRODUCTION**

      1.     On August 26, 2014, the UNITED STATES OF AMERICA filed a Plea Agreement as to Count Two of the Indictment in the above-styled action that was signed by representatives of the Government, by the Defendant, and by the Defendant's prior counsel. (Doc. 27)

      2.     On August 27, 2014, the Defendant appeared before the Honorable Karla R. Spalding, United States Magistrate Judge, and entered a guilty plea to Count Two of the Indictment purportedly in accordance with the Plea Agreement. (Docs. 27, 37)

1

3. On August 27, 2014, Judge Spalding entered a Report and Recommendation regarding the Defendant's guilty plea recommending that said guilty plea be accepted by the Senior United States District Judge assigned to the instant case. (Doc. 31)

4. On August 27, 2014, the Defendant executed a Notice of No Objection to the Magistrate Judge's Report and Recommendation concerning plea of guilty. (Doc. 33)

5. On August 29, 2014, Senior United States District Judge John Antoon II entered an Acceptance of Plea of Guilty and Adjudication of Guilt that accepted, affirmed, and adopted the aforementioned Report and Recommendation, adjudicated the Defendant guilty of Count Two of the Indictment, and accepted the Plea Agreement entered into by the Defendant and the UNITED STATES OF AMERICA. (Doc. 36)

6. On October 21, 2014, the Defendant, *pro se*, filed a Motion to Appoint Counsel in which the Defendant raised concerns regarding his counsel including that his counsel had completely ignored him "for months," had made representations to him that had turned out to be false, had refused to file motions that the Defendant requested be presented to the Court, and had not been to see him since his last court appearance (August 27, 2014).[1] (Doc. 39) The Defendant's *pro se* Motion was stricken by the Court because the Defendant was represented by counsel although the Court did direct the Defendant's counsel to expeditiously discuss the matters raised by the Motion with the Defendant and request a hearing on the issues if he deemed it appropriate.

7. On October 29, 2014, Defendant's counsel filed his Motion to Withdraw as Attorney in which he recounted the fact that he had met with the Defendant, that the issues raised

---

[1] Defendant's expression of dissatisfaction regarding his prior counsel for each of the reasons he asserted in the *pro se* Motion to Appoint Counsel and, then later at an *ex parte* hearing, was presented to the Court prior to any draft of the Presentence Investigation Report being disseminated to the parties or counsel.

in the *pro se* Motion had not been resolved, and that he desired to withdraw as Defendant's counsel. (Doc. 41)

8.  On November 3, 2014, Judge Spalding conducted an *ex parte* hearing on the Motion to Withdraw as Attorney and thereafter entered an Order granting the Motion to Withdraw as Attorney that relieved Defendant's then counsel of responsibility to represent the Defendant and appointed the undersigned counsel to represent the Defendant. (Docs. 43, 44)

9.  The undersigned counsel met with the Defendant on several occasions at the John E. Polk Correctional Facility during November, 2014 and early December, 2014.

10.  Thereafter, on December 9, 2014, Defendant filed his Verified Motion to Withdraw Plea of Guilty. (Doc. 48)

11.  On December 19, 2014, the UNITED STATES OF AMERICA filed its Response in Opposition to Defendant's Verified Motion to Withdraw Plea of Guilty. (Doc. 54)

12.  On December 23, 2014, Judge Spalding entered her Report and Recommendation that Defendant's Verified Motion to Withdraw Plea of Guilty be granted. (Doc. 55)

13.  On January 6, 2015, the UNITED STATES OF AMERICA filed its Objections to the Magistrate Judge's Report and Recommendation. (Doc. 56)

14.  On January 7, 2015, Judge Antoon scheduled an evidentiary hearing on Defendant's motion to withdraw guilty plea on January 22, 2015 at 9:30AM. (Doc. 61)

15.  On January 16, 2015, Judge Antoon amended the Notice of Hearing (Doc. 61) to advise current counsel that they should be prepared to discuss the Court's standard of review with regard to the Report and Recommendation. (Doc. 62)

B.  STANDARD OF REVIEW

28 U.S.C. § 636(b)(1)(A) states that:

> …a judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action. *A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law.*

(Emphasis added.)

Because the Defendant's Verified Motion to Withdraw Plea of Guilty was a pretrial matter contemplated by 28 U.S.C. § 636(b)(1)(A), the Defendant respectfully submits that the district judge should review the magistrate judge's Report and Recommendation that Defendant's Verified Motion to Withdraw Plea of Guilty be granted solely to determine whether it is clearly erroneous or contrary to law.

In other words, because the magistrate judge did not conduct an evdentiary hearing on the Verified Motion to Withdraw Plea of Guilty prior to issuing the Report and Recommendation that it be granted and/or the motion to withdraw guilty plea at issue is not a "pretrial matter" which is specifically excepted from the provisions of 28 U.S.C. § 636(b)(1)(A), the Defendant respectfully asserts that the plain language of the statute indicates that the district judge is not required to make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. In short, the Defendant contends that the appropriate standard of review with regard to the Report and Recommendation at issue (i.e., clearly erroneous or contrary to law) is in contravention to that argued by the UNITED STATES

4

OF AMERICA in its Objections to the Magistrate Judge's Report and Recommendation (i.e. *de novo* determination). (*See* Doc. 56 at pp. 10-11)

### C. THE REPORT AND RECOMMENDATION IS NOT CLEARLY ERRONEOUS OR CONTRARY TO LAW

United States Magistrate Judge Karla R. Spalding has recommended to this Court that the Defendant's Verified Motion to Withdraw Plea of Guilty be granted. Judge Spalding based her recommendation on her finding that the Defendant had presented a fair and just reason for requesting the withdrawal. *See* Fed.R.Crim.P. 11(d)(2)(B); *see also United States v. Buckles,* 843 F.2d. 469, 471 (11th Cir. 1988). Judge Spalding utilized the factors set forth in *Buckles* to analyze whether the Defendant had a fair and just reason. *Buckles,* 843 F.2d. at 471-72. (Doc. 55, page 3) She examined the totality of circumstances surrounding the Defendant's plea and determined that the Defendant had "expressed dissatisfaction with his original attorney" after he entered his guilty plea and that the allegations in the Defendant's motion to withdraw his plea "raise concerns about whether he was provided 'close assistance of counsel' and whether his guilty plea was 'knowingly' entered. (Doc. 55, page 3) Having made these findings, Judge Spalding further noted that the denial of the Defendant's motion to withdraw his guilty plea would not conserve judicial resources inasmuch as an evidentiary hearing may be required either prior to or following sentencing should a 28 U.S.C. § 2255 petition be filed. (Doc. 55, pp.3-4) Finally, Judge Spalding determined that any prejudice to the UNITED STATES OF AMERICA occasioned by the withdrawal of the Defendant's guilty plea was outweighed by the other factors militating towards allowing withdrawal. (Doc. 55, page 4)

In accordance with the instruction in *Buckles,* Magistrate Judge Spalding analyzed the *Buckles* factors and liberally construed whether Defendant demonstrated a "fair and just reason" for requesting withdrawal of his guilty plea. *Buckles,* 843 F.2d. at 471 Based on the totality of

the circumstances surrounding the Defendant's plea, Judge Spalding exercised her discretion to determine that Defendant had met his burden in this regard and recommended to this Court that he be permitted to withdraw his plea. The Defendant respectfully submits that the magistrate judge's recommendation was not clearly erroneous or contrary to law.

### D.  CONCLUSION

Based on the foregoing and on any further argument and testimony that may be presented to the Court *ore tenus* at the evidentiary hearing on January 22, 2015, the Defendant, JONATHAN TYLER PRIVE, respectfully requests that this Court enter its Order adopting the Report and Recommendation of United States Magistrate Judge Spalding, permitting the Defendant to withdraw his guilty plea, and providing such other and further relief as it deems just and proper.

DATED this 20th day of January, 2015

Respectfully Submitted,

/s/ Daniel N. Brodersen_____
DANIEL N. BRODERSEN, ESQ.
Florida Bar No.: 664197
BRODERSEN LAW FIRM
533 North Magnolia Avenue
Orlando, Florida, 32801
Telephone:    (407) 649-0007
Facsimile:     (407) 649-0017
Email: brodersend@gmail.com
Attorney for Defendant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing Response to the Government's Objections to the Magistrate Judge's Report and Recommendation Re: Motion to Withdraw Plea of Guilty was filed with the Clerk of the Court utilizing the CM/ECF system this 20th day of January, 2015 and that an electronic copy of this document was thereby transmitted to all counsel of record in the above-styled action.

                                          /s/ Daniel N. Brodersen
                                                  Attorney