UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

VS.                                          CASE NO: 6:14-cr-33-Orl-28KRS

JONATHAN TYLER PRIVE

_____

### ORDER

Defendant, Jonathan Tyler Prive, filed a Verified Motion to Withdraw Guilty Plea, (Doc. 48), and the assigned United States Magistrate Judge recommended that I grant the motion, (Report & Recommendation, Doc. 55). After considering that Report, as well as the Government's Objections (Doc. 56), Defendant's Response (Doc. 63), the Government's Notice regarding the standard of review (Doc. 64), and the argument and evidence presented at an evidentiary hearing on this motion, (see Mins., Doc. 65), I conclude that the motion must be denied.

I.    **Background**

The Government indicted Defendant on one count of coercion and enticement of a minor (Count One) and one count of attempted coercion and enticement of a minor (Count Two)[1] on February 19, 2014. (Indictment, Doc. 1). On August 27, 2014, Defendant pleaded guilty to Count Two of the Indictment as part of a plea agreement that provided for dismissal of Count One. (Plea Agreement, Doc. 27; Mins., Doc. 28). When Defendant pleaded guilty, the magistrate judge conducted a lengthy plea colloquy during which she explained the nature of the charges and the consequences of a guilty plea, including the

_____

[1] Both counts were brought pursuant to 18 U.S.C. § 2422(b).

loss of Defendant's right to appeal his conviction. (Change of Plea Tr., Doc. 54-1, at 4-5 & 12-18). Defendant stated that he understood these issues and that he had talked to his then-attorney, Jose Rodriguez, about the plea agreement and had read and understood the plea agreement. (Id. at 4-5, 7, & 12-18). Based on the thorough examination of Defendant to determine whether the plea was freely and knowingly made, the magistrate judge recommended that I accept Defendant's guilty plea. (Report & Recommendation, Doc. 31). Two days later, on August 29, 2014, I accepted Defendant's guilty plea and adjudicated him guilty of Count Two, (Doc. 36), and I scheduled his sentencing for January 9, 2015, (Doc. 34).

On October 21, 2014, Defendant filed a pro se motion to appoint new counsel, expressing dissatisfaction with Mr. Rodriguez. (Doc. 39). That motion was stricken. (Doc. 40). Mr. Rodriguez then filed a motion to withdraw as attorney, citing Defendant's motion to appoint new counsel. (Doc. 41). Although the magistrate judge "did not find that [Defendant] had established that his attorney gave him incorrect advice or failed to give him proper advice," (Doc. 55), she granted the motion and appointed a new attorney to represent Defendant, (Doc. 44). The final presentence investigation report (Doc. 46) was filed on December 5, 2014, and Defendant filed the motion to withdraw his guilty plea (Doc. 48) four days later. On December 23, 2014, the magistrate judge issued a Report recommending that I grant the motion. (Doc. 55). The Government objects to the Report and Recommendation. (Doc. 56). On January 22, 2015, I held an evidentiary hearing on the motion, during which I heard testimony from Defendant and Mr. Rodriguez.[2] (See Mins., Doc. 65).

_____

[2] At the evidentiary hearing, Mr. Rodriguez initially declined to testify, asserting

## II.    Standard of Review

The first issue to be addressed is the standard of review that applies to the magistrate judge's Report and Recommendation in this case. The review standard with regard to rulings of magistrate judges varies depending on the circumstances. A district court employs a "clearly erroneous or contrary to law" standard of review where the court "designate[s] a magistrate judge to hear and determine any pretrial matter pending before the court, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action." 28 U.S.C. § 636(b)(1)(A). On the other hand, the district court "may also designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition" of any motion listed above. Id. § 636(b)(1)(B). If a party objects to those proposed findings or recommendations, the district court "shall make a de novo determination" of those issues and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id. § 636(b)(1); see also Fed. R. Crim. P. 59.

---

attorney-client privilege. I ruled that Defendant waived his attorney-client privilege by asserting issues regarding Mr. Rodriguez's representation in his motion. See United States v. Suarez, 820 F.2d 1158, 1160 (11th Cir. 1987) ("[A]t the point where attorney-client communications are no longer confidential, i.e., where there has been a disclosure of a privileged communication, there is no justification for retaining the privilege."); United States v. Woodall, 438 F.2d 1317, 1325-26 (5th Cir. 1971) (en banc); United States v. Davis, 583 F.3d 1081, 1090 (8th Cir. 2009).

Defendant argues that his motion to withdraw his guilty plea was a pretrial matter not falling within an exception listed in § 636(b)(1)(A) and that because the magistrate judge did not conduct an evidentiary hearing, I should utilize the clear error standard of review.  (Doc. 63 at 4).  The Government disagrees, contending that the clear error standard applies only to nondispositive matters, while the de novo standard applies to dispositive matters.  (Doc. 64 at 4 (citing Gomez v. United States, 490 U.S. 858, 873-74 (1989)).  The Government argues that because Defendant's motion to withdraw his guilty plea is a dispositive motion, the de novo standard applies.  (Id. at 6).

After considering the parties' arguments, I find that the standard of review for this Report and Recommendation is de novo.  The motion to withdraw Defendant's guilty plea is a dispositive motion because its denial would dispose of, or finally decide, the charges and any defenses in this case.  See Fed. R. Crim. P. 59; Gomez, 490 U.S. at 873-74.  And, even if the motion were nondispositive and the magistrate judge had authority to "hear and determine" the motion, in this case she did not do so.  Because the magistrate judge filed a Report and Recommendation, rather than an Order, she did not ultimately rule on the motion.  Accordingly, the Report and Recommendation will be reviewed under a de novo standard of review.

## III.    Motion to Withdraw Guilty Plea

A defendant can withdraw a guilty plea after the Court has accepted it but before sentencing if he shows a fair and just reason to do so.  Fed. R. Crim. P. 11(d)(2)(B).  This rule should be construed liberally.  United States v. Buckles, 843 F.2d 469, 471 (11th Cir. 1988).  "If, in the exercise of the court's discretion, there appears to be any reason to allow withdrawal of a guilty plea prior to sentencing, leave should be freely granted."  United States v. Pressley, 602 F.2d 709, 711 (5th Cir. 1979) (per curiam) (citing Kercheval v.

United States, 274 U.S. 220 (1927)).[3]  However, "there is no absolute right to withdraw a guilty plea prior to imposition of a sentence.  The decision to allow withdrawal is left to the sound discretion of the trial court."  Buckles, 843 F.2d at 471.  "'The fact that a defendant has a change of heart prompted by his reevaluation of either the Government's case against him or the penalty that might be imposed is not a sufficient reason to permit withdrawal of a plea.'"  United States v. Schmidt, 373 F.3d 100, 102 (2d Cir. 2004) (quoting United States v. Gonzalez, 970 F.2d 1095, 1100 (2d Cir. 1992)).  It is the defendant's burden to show a fair and just reason to withdraw his plea.  Buckles, 843 F.2d at 471.

Factors to be considered regarding whether a defendant has met this burden include "(1) whether close assistance of counsel was available; (2) whether the plea was knowing and voluntary; (3) whether judicial resources would be conserved; and (4) whether the government would be prejudiced if the defendant were allowed to withdraw his plea."  Id. at 472 (citation omitted).  If the first two factors are resolved in favor of the Government, a court need not give the second two factors considerable weight.  See United States v. Gonzalez-Mercado, 808 F.2d 796, 801 (11th Cir. 1987).  The timing of the filing of the motion may be considered in weighing these factors.  "[T]he time between entry of the plea and motion to withdraw the plea may be indicative of defendant's motivation."  Id.  A guilty plea should not be used as "a means of testing the weight of the potential sentence," id., and a motion to withdraw a plea filed after release of a sentencing recommendation can suggest this motivation.  "A swift change of heart," however, indicates that "the plea was entered in haste and confusion."  Id. (quotation omitted).

---

[3] All decisions of the former Fifth Circuit handed down prior to October 1, 1981, have been adopted as binding precedent by the Eleventh Circuit.  Bonner v. City of Prichard, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

Of course, a defendant's sworn assertions during a plea colloquy are relevant in assessing the first two factors of the analysis, and a defendant's "declarations in open court carry a strong presumption of verity."  Blackledge v. Allison, 431 U.S. 63, 74 (1977); see also United States v. Bohning, 321 F. App'x 855, 859 (11th Cir. 2009).   It follows that "[a] defendant who makes statements under oath at a plea colloquy bears a heavy burden to demonstrate that those statements were false."  United States v. Luczak, 370 F. App'x 3, 4 (11th Cir. 2010); see also United States v. Hunter, No. 13-15354, 2014 WL 5285611, at *2-3 (11th Cir. Oct. 16, 2014).  The plea colloquy in this case demonstrates the magistrate judge's concern that Defendant had advice of counsel in making his decision to enter a plea and that his decision was knowing and voluntary.

Here, Defendant filed his motion to withdraw his plea more than three months after entering the plea, and only four days after issuance of the presentence investigation report.  As grounds for his motion, Defendant alleges his attorney made misrepresentations to him by stating he would be able to appeal his conviction; advising him to ignore the plea colloquy and that any discrepancy between the plea colloquy and the plea agreement would be resolved in favor of the agreement; telling him that he would not be adjudicated guilty until sentencing; and not advising him that a failure to disclose exculpatory evidence would be a Brady violation.  (Doc. 48 at 2).  At the evidentiary hearing, Defendant also contended that Mr. Rodriguez misrepresented the availability of a particular defense.  Defendant thus argues that his plea was not knowing and voluntary.  (Id. at 3).  He also argues that allowing him to withdraw his guilty plea would conserve judicial resources in the context of appeal and collateral attacks and that the Government would not be unduly prejudiced by the withdrawal of his plea.  (Id. at 3-4).

6

With regard to the first factor, I find that Defendant had close assistance of counsel. Mr. Rodriguez, an attorney who has practiced criminal law for nearly twenty-three years—three years as a prosecutor and twenty years as a defense attorney—visited Defendant in jail, on average, at least once a month between the indictment and his guilty plea, and some of these meetings lasted several hours. Although for a short time Mr. Rodriguez was unable to respond quickly to Defendant's telephone calls due to a family health issue, Mr. Rodriguez answered all of Defendant's questions. Defendant concedes that he and Mr. Rodriguez discussed the plea and the sentencing guidelines at length.

As to the second consideration, I find that Defendant's plea was knowing and voluntary. A plea is knowing and voluntary if "three core concerns" are addressed in the plea colloquy: "the (1) plea is free from coercion, (2) defendant understands the nature of the charges, and (3) defendant knows and understands the consequences of his guilty plea." See Bohning, 321 F. App'x at 859; see also United States v. Hernandez-Fraire, 208 F.3d 945, 950 (11th Cir. 2000). During the plea colloquy, Defendant told the magistrate judge that nobody had threatened him to get him to plead guilty and that he was pleading guilty because he committed the crime. (Doc. 54-1 at 6-7). The magistrate judge explained the nature of the charges against Defendant, and Defendant stated that he understood what the Government would have to prove to convict him. (Id. at 4-5). The magistrate judge further explained the consequences of a guilty plea to Defendant, including that he would have no right to appeal his conviction; Defendant said that he understood these consequences. (Id. at 12-18). Defendant stated that he talked to his attorney about the plea agreement and the sentencing guidelines and that he read and believed he understood the agreement. (Id. at 7 & 13). The magistrate judge asked if Defendant had

further questions, and he stated that he did not and reaffirmed that he wanted to plead guilty. (Id. at 18-21). There is a strong presumption that all of these statements are true.

Defendant's own statements that Mr. Rodriguez misinformed him by stating that he had a right to appeal his conviction are contradicted by Defendant's statements at the plea colloquy. Specifically, the magistrate judge told Defendant:

> [I]f you plead guilty you are admitting for all time that you committed the crime. . . . [Y]ou give up your right to come back to that court or go to another court later on and argue that you should not have been found guilty.
>
> The right to come back to this court or go to another court is called the right to appeal. So if you plead guilty you have no right to appeal from the finding that you are guilty.
>
> If you think the judge makes a mistake in the sentence you receive, though, you usually do have the right to appeal from that to go to the next higher court and ask that court to correct a mistake. . . .
>
> Do you understand how [the plea agreement] limits your right to appeal from a mistake in your sentence? . . .
>
> And is that right you're willing to give up?

(Doc. 54-1 at 12-13). To both questions, Defendant answered yes, (id.), and he later stated that he had no questions about anything the magistrate judge told him, (id. at 17-18). The magistrate judge also stated:

> If you plead guilty and the district judge accepts your plea, do you understand there will be no trial, you will give up all these rights I've talked about including your right to remain silent and the judge will find you guilty based upon your guilty plea.

(Id. at 17). Defendant answered, "I understand, Your Honor." (Id.). Defendant thus stated under oath that he understood the rights he was giving up by his plea, including his right to appeal his conviction, which was clearly stated earlier in the colloquy by the magistrate judge. He has not presented evidence to overcome the strong presumption that these statements were true. Mr. Rodriguez testified that he advised Defendant that by entering

his plea he gave up most of his rights to appeal, except in the limited situations stated in the plea agreement in which Defendant would have the right to appeal his sentence. Especially when weighed against Mr. Rodriguez's testimony, Defendant's argument is unconvincing. I find that Defendant understood his limited rights to appeal after his plea.

Defendant also argues that his plea was not knowing and voluntary because he believed—based on advice from Mr. Rodriguez—that he could ignore the plea colloquy and that the plea agreement would control any discrepancies between the agreement and the colloquy. But, Defendant does not point to any actual discrepancies between the colloquy and the plea agreement, which Defendant testified at multiple hearings he had read in detail. The magistrate judge asked Defendant, "Did you read the plea agreement all the way through before you signed it?" Defendant replied, "I did." (Id. at 7). While the plea agreement only discusses partial waiver of Defendant's right to appeal his sentence, (see Doc. 27 at 13-14), the magistrate judge's statements that Defendant would give up his right to appeal his conviction are not inconsistent with the plea agreement. The magistrate judge was simply informing Defendant of the legal effect of a guilty plea. See United States v. Hoobler, 252 F. App'x 983, 989 (11th Cir. 2007) (citing United States v. Kaiser, 893 F.2d 1300, 1302 (11th Cir. 1990)) ("Generally, a defendant who pleads guilty is precluded from challenging his conviction on appeal, except on the ground that the plea was involuntary."); United States v. Broce, 488 U.S. 563, 569 (1989). Additionally, Mr. Rodriguez testified that he did not advise Defendant that he could ignore aspects of the plea colloquy. Defendant does not establish that Mr. Rodriguez gave him this advice, but even if he did, Defendant has not shown that the advice caused him to misunderstand the consequences of his plea.

Defendant's next argument—that Mr. Rodriguez told Defendant that he would not be adjudicated guilty until sentencing—also fails.   Mr. Rodriguez testified that he told Defendant that he would be adjudicated guilty when the district court accepted his guilty plea, which would be before sentencing.   Assuming Defendant's contentions are true, Defendant fails to show how the alleged advice regarding the timing of the adjudication of guilt was material to his plea decision and renders his plea not knowing and voluntary.  A district judge accepting a plea earlier than a defendant expects is not a coercive influence over that defendant and does not interfere with a defendant's understanding of the nature of the charges or the consequences of a guilty plea.

To the extent that Defendant argues that his counsel failed to inform him of the consequences of a <u>Brady</u> violation, his argument falls flat.  Defense counsel acknowledged in pleadings, (Notice of Clarification, Doc. 49), and at the evidentiary hearing that he has not identified any <u>Brady</u> violation.  Defendant has failed to show how any lack of knowledge regarding <u>Brady</u> would render his plea not knowing and voluntary.

Finally, at the evidentiary hearing, Defendant argued that after his plea of guilty was accepted, he learned about a recent Eleventh Circuit case regarding violations of constitutional rights by law enforcement officers in a criminal context.  After reading about this case, Defendant believed that he had constitutional defenses that could be raised; he argued that Mr. Rodriguez did not inform him of these potential defenses.  Defendant, however, has not articulated a viable defense about which Mr. Rodriguez failed to warn him.   Defendant fails to show, through this argument or any other, that he did not understand the nature of the charges against him or the consequences of his guilty plea.

Mere reevaluation of the Government's case against him is not sufficient to allow withdrawal of a plea. Accordingly, I find that Defendant's plea was knowing and voluntary.

Because both of the first two factors—close assistance of counsel and a knowing and voluntary plea—weigh in favor of the Government, I need not give considerable weight to the other factors. I give little weight to the third factor—whether judicial resources would be conserved. However, the fourth factor—prejudice to the Government—also weighs in the Government's favor. The Government argues that if Defendant's motion is granted, it "would have to contact and prepare witnesses who believed that the Defendant's case had ended in a guilty plea. Most importantly, the Government would have to explain to members of the minor victim's family that they may have to testify at a trial even though the Defendant had previously pleaded guilty." (Doc. 54 at 14-15). Considering the sensitive nature of this case, this is sufficient to show some prejudice to the Government. United States v. Byrne, No. 09-14059-CR, 2010 WL 2243755, at *4 (S.D. Fla. June 4, 2010). Additionally, the credibility of Defendant's arguments is called into question by the late filing of his motion. It was filed more than three months after the guilty plea was entered and after the issuance of the presentence investigation report.

In sum, after carefully considering Defendant's stated reasons for his motion to withdraw his guilty plea, I find the reasons are without merit. In reaching this conclusion, I viewed Defendant's claims through a liberal lens and kept in mind the sacred significance of a defendant's right to trial in criminal cases. But, applying the Buckles matrix, I find Defendant has failed to establish a single fair or just reason supporting his motion to withdraw.

## IV.    Conclusion

Because Defendant has not shown a fair and just reason to withdraw his plea, Defendant's motion to withdraw his guilty plea must be denied.  Accordingly, it is hereby **ORDERED** and **ADJUDGED** that:

1.    Defendant's Verified Motion to Withdraw Guilty Plea (Doc. 48) is **DENIED**.

2.    The Government's Objections (Doc. 56) to the Report and Recommendation (Doc. 55) are **SUSTAINED**.    I do not adopt the Report and Recommendation filed December 23, 2014 (Doc. 55).

**DONE** and **ORDERED** in Orlando, Florida on February 5, 2015.

JOHN ANTOON II
United States District Judge

Copies furnished to:
United States Marshal
United States Attorney
United States Probation Office
United States Pretrial Services Office
Counsel for Defendant
Jonathan Tyler Prive