UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v.                                                                  CASE NO. 6:14-cr-33-Orl-28KRS

JONATHAN TYLER PRIVE

### GOVERNMENT'S MEMORANDUM IN SUPPORT OF A FIVE-LEVEL ENHANCEMENT PURSUANT TO U.S.S.G. § 4B1.5(b)(1)

The United States of America, by A. Lee Bentley, III, United States Attorney for the Middle District of Florida, hereby files its memorandum in support of a five-level enhancement in the Defendant's total offense level for engaging in a pattern of activity involving prohibited sexual conduct, pursuant to U.S.S.G. § 4B1.5(b)(1), and in support states as follows:

### Relevant Procedural History

1. On August 27, 2014, the Defendant pleaded guilty to one count of attempted coercion and enticement of a minor as part of a plea agreement. Docs. 27 and 28. Two days later, the Court accepted the Defendant's guilty plea and adjudicated him guilty. Doc. 36. The Defendant's sentencing was originally set for January 9, 2015. Doc. 34. On October 21, 2014, the Defendant filed a *pro se* motion to appoint new counsel, expressing dissatisfaction with his prior counsel, which was stricken. Docs. 39 and 40. Thereafter, the Defendant's prior counsel filed a motion to withdraw as the Defendant's attorney, citing the Defendant's motion to appoint new counsel. Doc. 41. The presiding Magistrate Judge "did not find that [Defendant] had established that his attorney gave him incorrect

advice or failed to give him proper advice," but granted the motion and appointed Defendant's current counsel.   Docs 55 and 44.   On December 5, 2014, the U.S. Probation Office ("the Probation Office") issued its first final Presentence Investigation Report ("PSR"), and the Defendant filed a motion to withdraw his guilty plea four days later.   Docs. 46 and 48.

    2.    On January 22, 2015, the Court held an evidentiary hearing on the motion, during which the Defendant and his prior counsel testified.   Doc. 65.   On February 5, 2015, the Court issued an order denying the Defendant's motion to withdraw his plea, finding the Defendant's arguments to be "unconvincing."   Doc. 67 at 8-9.

    3.    On February 5, 2015, the Defendant's current counsel filed a motion to withdraw as counsel of record citing irreconcilable differences that arose due to the "conduct of the defense in this action."   Doc. 66 at 2.   On February 10, 2015, the Court appointed an independent counsel to consult with the Defendant on his current counsel's motion to withdraw.   Docs. 70 and 71.   On February 18, 2015, the Defendant agreed to continue with his current counsel.   Docs. 76 and 77.

    4.    On March 20, 2015, the Probation Office issued its final PSR in this case which did not include the five-level enhancement under U.S.S.G. § 4B1.5(b)(1) that the Government is hereby seeking as part of this memorandum. Doc. 82 at 13.   The Defendant was scheduled to be sentenced on March 27, 2015 (Doc. 80), however, on March 26, 2015, the Defendant's current counsel renewed

his motion to withdraw based on "irreconcilable differences" that were represented to be "substantially similar" to the previously resolved issues the Defendant had with current counsel (Doc. 84 at 1-2).  On March 27, 2015, the Court entered an order denying this renewed motion and finding that "it is evident that [the Defendant] is taking steps to delay being sentenced on this case."  Doc. 86.  Because of the Defendant's differences with his current counsel, the Court was forced to cancel the sentencing scheduled for March 27, 2015.  Doc. 85.

     5.    On April 15, 2015, the Defendant's sentencing hearing finally began and counsel for the Government and the Defendant made arguments for and against certain sentencing guidelines enhancements.  Doc. 89.  At this hearing, the Defendant also filed a *pro se* motion to terminate proceedings and vacate sentence which the Court considered and denied.  Docs. 89 and 90.  Specifically, the Government moved for the five-level enhancement under § 4B1.5(b)(1) and argued that the Defendant had engaged in a pattern of activity involving prohibited sexual conduct.[1]  The Defendant argued that this enhancement did not apply and the Probation Office agreed with the Defendant.  The Court did not rule on this particular enhancement and continued the Defendant's sentencing hearing to April 22, 2015 to consider the arguments made by both sides and to allow the Defendant to file additional pleadings.  Docs. 89

---

[1] The Government based its argument on <u>United States v. Castleberry</u>, 594 Fed. Appx. 612 (11th Cir. 2015), a recent opinion that was issued on February 27, 2015.  The undersigned Assistant United States Attorney was not aware of this opinion until the morning of April 15, 2015 just before the Defendant's first day of sentencing commenced.

and 92.  The Court has not yet determined the Defendant's final total offense level in this matter.

6. The Government is hereby filing this memorandum in support of the enhancement under § 4B1.5(b)(1) that the Government argued for on the first day of the Defendant's sentencing.  Based on the procedural history discussed above, the Government also believes that since executing his plea agreement and entering his guilty plea, the Defendant has engaged in conduct that has been inconsistent with an acceptance of responsibility, has been overly dilatory, and has involved frivolous challenges.  For this conduct, the Government believes that the Defendant may not be entitled to the downward adjustment of three-levels for acceptance of responsibility under U.S.S.G. §§ 3E1.1(a) and (b), which is currently factored into the Defendant's total offense level in the current final PSR.[2]  In an effort to avoid any further delays in this matter, the Government does not plan to seek the removal of the three-level downward adjustment for acceptance of responsibility, however, the Government reserves the right to change its position if

---

[2] In determining whether a defendant qualifies under U.S.S.G. § 3E1.1(a) for a downward adjustment for acceptance of responsibility, appropriate considerations include, but are not limited to, the following: "(A) truthfully admitting the conduct comprising the offense(s) of conviction, and truthfully admitting or not falsely denying any additional relevant conduct for which the defendant is accountable under § 1B1.3 (Relevant Conduct).... However, a defendant who falsely denies, or frivolously contests, relevant conduct that the court determines to be true has acted in a manner inconsistent with acceptance of responsibility[.]"  U.S.S.G. § 3E1.1, cmt. (n. 1(A)).  A defendant's post-offense conduct, whether related or unrelated to the offense of conviction, is a factor the Court can consider in determining whether a downward adjustment for acceptance of responsibility is warranted. United States v. Pace, 17 F.3d 341, 343 (11th Cir.1994).  A defendant's unsuccessful motion to withdraw his guilty plea can be considered conduct inconsistent with an acceptance of responsibility and therefore serve as a basis for denying a reduction under § 3E1.1(a).  See United States v. Acton, 556 Fed. Appx. 830, 832 (11th Cir. 2014). Frivolous legal challenges and even the assertion of a constitutional right can be deemed conduct inconsistent with acceptance of responsibility warranting the denial of a reduction under § 3E1.1. See United States v. Wright, 133 F.3d 1412, 1416 (11th Cir. 1998); United States v. Smith, 127 F.3d 987, 989 (11th Cir. 1997); and United States v. Jones, 934 F.2d 1199, 1200 (11th Cir.1991).

4

the Defendant continues to engage in conduct that the Government deems inconsistent with acceptance of responsibility, including the frivolous denial of any relevant conduct set forth in the Factual Basis of his plea agreement or in the PSR. The Government maintains that the Defendant's final total offense level should include the five-level increase for engaging in a pattern of prohibited sexual conduct pursuant § 4B1.5(b)(1).

## Memorandum of Law

7. Section 4B1.5(b) of the Guidelines provides that "[i]n any case in which the defendant's instant offense of conviction is a covered sex crime...and the defendant engaged in a pattern of activity involving prohibited sexual conduct...[t]he offense level shall be 5 plus the offense level determined under Chapters Two and Three." See U.S.S.G. § 4B1.5(b)(1). A "covered sex crime" for purposes of this enhancement is an offense perpetrated under chapter 117 of title 18, United States Code, or an attempt or a conspiracy to commit any such offense. Id., cmt. n. 2(A)(iii) and (B). Thus, the Defendant's instant offense of conviction, attempted coercion and enticement of a minor, in violation of 18 U.S.C. § 2422(b) under chapter 117, qualifies as a "covered sex crime" that triggers the application of this enhancement.

8. The Commentary defines "prohibited sexual conduct" for application of § 4B1.5(b) as "any offense described in 18 U.S.C. § 2426(b)(1)(A) or (B)," which would include attempted and completed coercion and enticement of a minor (an offense under chapter 117 of the United States Code), and any state law offenses

that would have been federal offenses under chapters 117, 109A, or 110, had the conduct occurred within federal jurisdiction. Id., cmt. n. 4(A)(i) and 18 U.S.C. §§ 2426(b)(1)(A) and (B). Thus, a defendant who places his penis on the vagina of a child younger than 12 years old, or inside the child's mouth, or intentionally touches the child's genitalia for sexual gratification, has engaged in conduct that would constitute the federal offense of aggravated sexual abuse of a child, an offense under chapter 109A. See 18 U.S.C. § 2241(c) As noted above, such conduct constitutes "prohibited sexual conduct" whether it occurred in federal or state jurisdictions.

9. The Commentary for § 4B1.5(b) provides that "the defendant engaged in a pattern of activity involving prohibited sexual conduct if on at least two separate occasions, the defendant engaged in prohibited sexual conduct with a minor." For purposes of this guideline, the term "minor means an individual (including fictitious individuals and law enforcement officers) who had not attained the age of 18 years (or who was represented to have not attained the age of 18 years). See § 4B1.5, cmt. (n.1).

10. The Eleventh Circuit has held that this five-level enhancement applies where the instant offense of conviction is attempted coercion and enticement of a minor, and the "pattern of activity involving prohibited sexual conduct" consisted of a defendant having additional online chats that would have constituted other instances of attempted coercion and enticement of a minor. See United States v. Rothenberg, 610 F.3d 621, 627-28 (11th Cir. 2010). The

6

Eleventh Circuit has further held that the Government can rely on the defendant's instant offense of conviction to establish one of the "two separate" instances of prohibited sexual conduct in order to demonstrate a "pattern of activity" required to trigger the five-level enhancement under § 4B1.5(b)(1).  Id. at 625 n. 5, United States v. Castleberry, 594 Fed. Appx. 612, 613 (11th Cir. 2015).   As noted above, the Defendant's instant offense of conviction qualifies as "prohibited sexual conduct."   Thus, in the Defendant's case, the Court need only find one additional occasion of prohibited sexual conduct for the five-level enhancement to apply.   In addition, this second occasion of prohibited sexual conduct need not result in an actual conviction in order for the Court to consider it for this enhancement.   See § 4B1.5, cmt. n. 4(B)(ii)(II), Rothenberg, 610 F.3d at 625 n. 5.

   11. The Defendant's pattern of prohibited sexual conduct is strikingly similar to the conduct in Rothenberg, where Rothenberg's instant offense of conviction involved his communication over the Internet with an undercover officer who held himself out as the father of a minor child with whom he was sexually intimate.  Id. at 624.   The Defendant's instant offense of conviction is essentially the same.   The additional "prohibited sexual conduct" in Rothenberg that triggered the five-level enhancement pursuant to § 4B1.5(b)(1) consisted of additional Internet chats Rothenberg had with other adult males who had custody of minor children, in which Rothenberg provided these other males with guidance on how to molest the children.  Id. at 625-27.   Rothenberg never had actual contact with any minor children during his offense of conviction or in his additional

7

"prohibited sexual conduct." Ultimately, the Eleventh Circuit held that Rothenberg's additional chats constituted attempts at coercion and enticement of a minor, and the five-level enhancement for engaging in a pattern of prohibited sexual conduct was upheld as to Rothenberg. Id. The Defendant has engaged in similar instances of additional "prohibited sexual conduct." In between September 9, 2013 through September 10, 2013, the Defendant had email communication with another adult male that constituted coercion and enticement of a minor, using the Internet, an instrumentality of interstate commerce. Doc. 82 at 5-7. The other male was the father of the three year old minor victim in this case. Doc. 82 at 4. Specifically, the Defendant and the other adult male discussed, in graphic detail, their collective interest in sexually abusing the minor victim. Doc. 82 at 5-6. In one email exchange, the Defendant requested a picture of the minor victim and the other male sent the Defendant a photograph of the child. Doc. 82 at 5.

      12.     The only distinction between the facts in Rothenberg and the Defendant's conduct is that the Defendant actually achieved the coercion and enticement of the minor victim. On September 10, 2013, after having the aforementioned online communication, the Defendant went to the other adult male's home in Brevard County, Florida and sexually abused the child. Doc. 82 at 6-7. This sexual abuse consisted of several different acts which would constitute aggravated sexual abuse of a child under chapter 109A. Specifically, the Defendant has admitted that he and the other male took the three year old child

8

into a bedroom where he removed his penis, rubbed it against the child's vagina, and placed his penis into the child's mouth. Doc. 82 at 10. The Defendant also touched the child's vagina with his hand before ejaculating on the child's stomach. Doc. 82 at 10. The other male watched the Defendant sexually abuse the minor victim and rubbed his own penis on the child's vagina. Doc. 82 at 10.

      13.    The Eleventh Circuit has held that the application of this enhancement does not constitute impermissible double counting. See United States v. Carter, 292 Fed. Appx. 16, 20 (11th Cir. 2008) (noting that "the Sentencing Commission intended for Guidelines sections to apply cumulatively," and holding that the plain language of § 4B1.5(b)(1) explicitly states that the enhancement "shall be 5 plus the offense level determined under Chapters Two and Three."). The Court has further reasoned that § 4B1.5(b)(1) "looks at the likelihood that the defendant will become a repeat offender and whether lengthy incarceration is therefore needed to protect the public." The Defendant has admitted that on November 5, 2013, he travelled to the minor victim's residence in Brevard County with an intent to sexually abuse the child again. Doc. 82 at 11. If there ever was an individual for whom this enhancement should apply, it is this Defendant.

    In view of the foregoing and pursuant to U.S.S.G. § 4B1.5(b)(1), the Government respectfully requests that the Court include the five-level enhancement for engaging in a pattern of activity involving prohibited sexual conduct in the Defendant's final total offense level calculation.

        Respectfully submitted,

        A. LEE BENTLEY, III
        United States Attorney

By:  *s/ Andrew C. Searle*
        Andrew C. Searle
        Assistant United States Attorney
        USA No. 0143
        400 West Washington Street, Suite 3100
        Orlando, Florida   32801
        Telephone:   (407) 648-7500
        Facsimile:    (407) 648-7643
        E-mail:       andrew.searle@usdoj.gov

**U.S. v. JONATHAN TYLER PRIVE**        Case No. 6:14-cr-33-Orl-28KRS

## CERTIFICATE OF SERVICE

I hereby certify that on April 17, 2015, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

    Daniel Newton Brodersen.

*s/ Andrew C. Searle*
Andrew C. Searle
Assistant United States Attorney
USA No. 0143
400 West Washington Street, Suite 3100
Orlando, Florida   32801
Telephone:   (407) 648-7500
Facsimile:   (407) 648-7643
E-mail:   andrew.searle@usdoj.gov